No. 2--07--0387    Filed: 5-1-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re MARRIAGE OF SUZANNE GULLA, f/k/a Suzanne Kanaval, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Petitioner-Appellee, | ) ) | |
| and | ) ) | No. 94--D--8 |
| STEPHEN KANAVAL, | ) ) | |
| Respondent | ) ) | Honorable Joseph R. Waldeck, |
| (Knobias, Inc., Appellant). | ) | Judge, Presiding. |

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The appellant, Knobias, Inc., appeals from the trial court's judgment ordering it to pay $369,000 to the petitioner, Suzanne Gulla, as a penalty for knowingly failing to pay, within seven business days, child support from the wages of its employee, the respondent, Stephen Kanaval. Knobias raises numerous contentions of error on appeal. We affirm.

Stephen and Suzanne's marriage was dissolved on July 19, 1994. At that time, Stephen was ordered to pay $5,000 per month in unallocated maintenance and child support for the couple's two children. On May 6, 1998, an agreed order was entered requiring Stephen to pay Suzanne $4,000 per month for child support only.

On April 30, 2004, an agreed order was entered against Stephen for $123,140.63 in child support arrearage. The order indicated that Stephen's child support obligation had terminated as of

June 2003. Stephen was ordered to pay $3,000 per month until the order for arrearage was paid in full. On March, 15, 2005, subsequent to Stephen's unemployment, the trial court entered an order deferring Stephen's obligations to pay the arrearage until he was reemployed.

On March 20, 2006, subsequent to Stephen's employment with Knobias in Mississippi, the trial court entered an order requiring Stephen to resume payment of $3,000 per month towards the arrearage. That same day, the trial court issued a notice to Knobias to withhold income for support. The notice directed Knobias to withhold $3,000 per month from Stephen's pay. Knobias was served with this notice on March 28, 2006, by certified mail, return receipt requested. The notice included the following provisions:

"Under Illinois law, you must begin withholding no later than the next payment of income to the employee/obligor that occurs 14 business days after the date of this Notice. You must send the amount withheld to the payee within 7 business days of the pay date. You are entitled to deduct a fee for your actual cost not to exceed $5.00 monthly to defray the cost of withholding. The total withheld amount, including your fee, cannot exceed the amount permitted under the Federal Consumer Credit Act.

* * *

Withholding Limits: No employer/payor shall withhold income in the excess of the lesser of the following amounts: *** the amounts allowed by the state of the employee's/obligor's principal place of employment." (Emphasis in original.)

The notice further provided the phone and fax numbers of Suzanne's attorney as well as the attorney's e-mail address.

On October 16, 2006, the trial court granted Suzanne leave to file a petition for a rule to show cause against Knobias. Suzanne filed that petition on November 27, 2006. The petition

alleged that Knobias had refused to forward the funds from Stephen's pay to the Illinois State Disbursement Unit. The petition further alleged that Knobias's refusal to forward the funds was an intentional, willful, and contumacious violation of the trial court's March 20, 2006, order.

On December 4, 2006, Knobias filed a limited response to the petition for a rule to show cause, pursuant to section 2--301 of the Code of Civil Procedure (735 ILCS 5/2--301 (West 2006)). The response asserted that the trial court lacked jurisdiction over Knobias and that the petition should therefore be dismissed. On December 15, 2006, following a hearing, the trial court found that it had jurisdiction over Knobias.

On January 3, 2007, Knobias filed a second response to the petition for a rule to show cause, asking that the trial court find that it had acted in good faith to comply with the notice to withhold income. Knobias made the following assertions. On March 29, 2006, Martin J. Waitzman, Stephen's attorney, informed Knobias that he would file a motion to vacate the trial court's March 20, 2006, order. Waitzman further indicated that Joseph Poell, Suzanne's attorney, did not intend to contest the motion to vacate. On April 5, 2006, Waitzman informed Knobias that the parties had settled the issue and that Stephen would make payments through ExpertPay. On October 31, 2006, after receiving notice of the petition for a rule to show cause, Knobias informed Poell that it would withhold 50% of Stephen's monthly net income of $2,244.16. Fifty percent to be withheld from Stephen's paycheck was the maximum allowed by federal and Mississippi law. Poell insisted, however, that Stephen's entire paycheck be withheld. Knobias subsequently withheld 50% of Stephen's income in November and December 2006, totaling $2,805.20, and forwarded that to the Illinois State Disbursement Unit. In support of its response, Knobias attached the affidavit of its in-house counsel, Kristen Hendrix.

On February 5, 2007, the trial court entered a judgment against Knobias for failing to withhold Stephen's income. The trial court found that the March 20, 2006, order had been properly entered and served and that no subsequent order was entered modifying the income-withholding notice. As Knobias did not withhold any income until November 3, 2006, a $100-per-day penalty was assessed against it. Knobias was ordered to pay $7,854.56 as the amount that it should have withheld from Stephen's income. A hearing date of February 26, 2007, was set to determine the amount of the penalty that would be imposed against Knobias.

On February 15, 2007, Knobias filed a motion to reconsider. In its motion, Knobias asserted that the trial court's March 20, 2006, order was void because the amount ordered withheld exceeded Stephen's net income. The order also violated federal and Mississippi law, which prohibits withholding more than 50% of one's net income. Knobias maintained that it had reasonably relied on Stephen's attorney's representation that the March 20, 2006, order would be vacated. Knobias further argued that, because Suzanne had not filed her petition for a rule to show cause until seven months after the March 20, 2006, order, she was barred by the doctrine of laches from seeking to impose penalties against Knobias. Knobias additionally asserted that the statute subjecting it to a penalty for not withholding income was unconstitutional because the penalty was totally disproportionate to the violation being punished.

On February 26, 2007, the trial court denied Knobias's motion to reconsider. The trial court also set as $168,000 the penalty that Knobias owed for failing to comply with the income-withholding notice. After Suzanne filed a motion to modify the penalty amount, the trial court entered an order that modified the penalty against Knobias to $369,000. Knobias thereafter filed a timely notice of appeal.

Knobias raises numerous contentions on appeal. Knobias's primary argument seems to be that, based on the circumstances, it was inequitable to find that Knobias knowingly failed to withhold the amount designated in the income-withholding notice. Knobias emphasizes that the notice ordered more money to be withheld from Stephen's pay than he was making on a monthly basis. Knobias therefore argues that it was impossible to comply with the trial court's order. Upon receiving the notice, Knobias maintains, it reasonably relied on Stephen's attorney's representation that the dispute between Suzanne and Stephen had been resolved. Knobias asserts that, immediately upon notification that the matter had not been resolved, income was withheld.

Section 35(a) of the Income Withholding for Support Act (Withholding Act) (750 ILCS 28/35(a) (West 2006)) sets forth the obligations of employers, like Knobias, that have been served with an income-withholding notice, and it states in relevant part:

"It shall be the duty of any payor who has been served with an income withholding notice to deduct any pay over income as provided in this Section. The payor shall deduct the amount designated in the income withholding notice, *** beginning no later than the next payment of income which is payable or creditable to the obligor that occurs 14 days following the date the income withholding notice was mailed ***. *** The payor shall pay the amount withheld to the State Disbursement Unit within 7 business days after the date the amount would (but for the duty to withhold income) have been paid or credited to the obligor. If the payor knowingly fails to withhold the amount designated in the income withholding notice or to pay any amount withheld to the State Disbursement Unit within 7 business days after the date the amount would have been paid or credited to the obligor, then the payor shall pay a penalty of $100 for each day that the amount designated in the income withholding notice (whether or not withheld by the payor) is not paid to the State

Disbursement Unit after the period of 7 business days has expired. The failure of a payor, on more than one occasion, to pay amounts withheld to the State Disbursement Unit within 7 business days after the date the amount would have been paid or credited to the obligor creates a presumption that the payor knowingly failed to pay over the amounts. This penalty may be collected in a civil action which may be brought against the payor in favor of the obligee or public office. *** For purposes of this Act, a withheld amount shall be considered paid by a payor on the date it is mailed by the payor ***." 750 ILCS 28/35(a) (West 2006).

In this case, our standard of review is twofold. In reviewing the legal effect of undisputed facts, our review is de novo. In re Marriage of Chen, 354 Ill. App. 3d 1004, 1011 (2004). The review of a trial court's interpretation of a statute is also de novo. Grams v. Autozone, Inc., 319 Ill. App. 3d 567, 569 (2001). However, the trial court was the trier of fact; thus, we will not disturb its findings of fact unless they are against the manifest weight of the evidence. Chen, 354 Ill. App. 3d at 1011.

Despite Knobias's argument to the contrary, the record reveals that the income-withholding notice was sent by certified mail, return receipt requested, as required by the Withholding Act (750 ILCS 28/20(g) (West 2006)) and that it was received. Furthermore, the notice sufficiently complied with the Withholding Act in that it informed Knobias of its obligation to withhold income from Stephen's pay and where to send that income. The notice explained that, if the amount to be withheld exceeded the amount allowed by the law of its state, Knobias should withhold only the amount allowed by its state. Knobias was also directed to contact Suzanne's attorney if it had any questions regarding the notice.

Despite this sufficient notice, Knobias failed to withhold any of Stephen's income. Although the record reveals that Knobias realized that the maximum amount that it could withhold was 50%

of Stephen's net income, it did not withhold that amount until it received notice of Suzanne's petition for a rule to show cause. Furthermore, although the notice directed Knobias to contact Suzanne's attorney if it had any questions regarding the notice, it did not. Based on the clarity of the notice and Knobias's failure to adhere to its terms, Knobias cannot rebut the presumption in the Withholding Act that it knowingly failed to pay over the amounts that it was obligated to. Thus, the trial court properly assessed a penalty against Knobias for its knowing violation of the Withholding Act.

In so ruling, we note that Knobias argues that the penalty could be imposed only on the amount that it withheld and failed to forward. Relying on Thomas v. Diener, 351 Ill. App. 3d 645, 650 (2004), Knobias contends that the penalty does not apply to an employer who failed to withhold altogether. In making this argument, Knobias overlooks that the Withholding Act was amended in 2003. See Pub. Act 93--294, §5, eff. January 1, 2004. This amendment provided that if the "payor knowingly fails to withhold the amount designated in the income withholding notice *** then the payor shall pay a penalty of $100 for each day that the *** amount designated in the income withholding notice (whether or not withheld by the payor) is not paid. (Emphasis on language that was added.) Pub. Act 93--294, §5, eff. January 1, 2004. Thus, Knobias's reliance on Thomas is misplaced and its argument is without merit.

We also reject Knobias's argument that, because it was a Mississippi corporation that had no contacts with Illinois, the trial court lacked jurisdiction over it. Section 666(a)(9)(B) of the United States Code (42 U.S.C. §666(a)(9)(B) (2000)) requires that each state grant full faith and credit to the child support withholding procedures of any other state. Section 93--25--67 of the Mississippi Code provides:

"An income-withholding order issued in another state may be sent by or on behalf of the obligee, or by the support enforcement agency to the person defined as the obligor's employer under §§93--11--101 through 93--11--119, without first filing a petition or comparable pleading or registering the order with a tribunal of this state." Miss. Code Ann. §93--25--67 (West 2006).

The Mississippi Code further provides that "[t]he employer shall treat an income-withholding order issued in another state which appears regular on its face as if it had been issued by a tribunal of this state." Miss. Code Ann. §93--25--69 (West 2006). Based on both the United States Code and the Mississippi Code, the trial court properly determined that it had jurisdiction.

We also note that Knobias argues that (1) the trial court erred in not conducting a hearing on the reasonableness of ordering Knobias to withhold $3,000 a month from Stephen's income; (2) Suzanne should be barred by the doctrine of laches from recovering such a large penalty against it; and (3) the Withholding Act is unconstitutional. We will not consider Knobias's contention as to the lack of a hearing on the reasonableness of the amount to be withheld from Stephen's income, because that issue was not raised below. See Haudrich v. Howmedica, Inc., 169 Ill. 2d 525, 536 (1996) (issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal). We will also not consider Knobias's argument as to laches, because it cites no authority for the applicability of that doctrine. See In re Marriage of Hindenburg, 227 Ill. App. 3d 228, 232 (1992) (arguments not supported by relevant legal authority are waived).

As to Knobias's constitutional argument, Suzanne argues that Knobias is barred from raising this issue, because it failed to timely notify the Attorney General pursuant to Supreme Court Rule 19 (210 Ill. 2d R. 19) that it wanted to challenge the constitutionality of a statute. Knobias has filed a motion in this court, entitled "Motion to Approve Appellant's Federal Expressing Its Brief to

Attorney General On August 31, 2007 As Complying with Supreme Court Rule 19 or In The Alternative for Leave Instanter to Have This Motion As Notice Pursuant to Supreme Court Rule 19 to the Attorney General." This motion was ordered taken with the case, and we now grant the motion.

That being determined, we find Knobias's attack on the constitutionality of the Withholding Act to be without merit. Knobias argues that the statute is unconstitutional because the penalty is totally disproportionate to the violation being punished. This argument was recently considered and rejected by our supreme court in In re Marriage of Miller, 227 Ill. 2d 185, 198, 203 (2007).

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and CALLUM, JJ., concur.