# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***Schultz v. Performance Lighting, Inc.*, 2013 IL App (2d) 120405**

---

| | |
|---|---|
| Appellate Court Caption | JENNIFER SCHULTZ, Plaintiff-Appellant, v. PERFORMANCE LIGHTING, INC., Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-12-0405 |
| Filed | February 5, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A complaint to recover child support that should have been withheld from the paychecks of plaintiff's former husband was properly dismissed on the ground that plaintiff's failure to strictly comply with the requirement of section 20(c) of the Income Withholding for Support Act that her former husband's social security number be included in the notice of withholding served on his employer rendered the notice invalid. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 11-L-894; the Hon. Margaret J. Mullen, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Joel S. Ostrow, of Law Offices of Joel Ostrow, of Bannockburn, for appellant. |
| --- | --- |
| | Michael D. Furlong and Peter M. Trobe, both of Trobe, Babowice & Associates, LLC, of Waukegan, for appellee. |
| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion. Justices Zenoff and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Jennifer Schultz, appeals the judgment of the circuit court of Lake County, which dismissed her complaint seeking to recover from defendant, Performance Lighting, Inc., child support amounts that defendant allegedly should have withheld from her ex-husband's paychecks pursuant to section 35 of the Income Withholding for Support Act (Act) (750 ILCS 28/35 (West 2010)). The trial court held that plaintiff's notice of withholding to defendant was not strictly compliant with the provisions of the Act (see 750 ILCS 28/20(c) (West 2010)). On appeal, plaintiff contends that she substantially complied with the notice provisions, at least sufficiently to trigger defendant's obligation to withhold funds from the ex-husband's paychecks. Plaintiff urges that, because her notice was sufficient in fact to notify defendant of its withholding obligation, the trial court erred in dismissing her complaint for failing to state a claim. We disagree with plaintiff and affirm the trial court's judgment.

¶ 2    We begin by summarizing the pertinent facts of record. In 2009, plaintiff sought a divorce from her now ex-husband. On November 19, 2009, the circuit court of Lake County entered an order that required the ex-husband to pay support to plaintiff in the amount of $600 every two weeks. Plaintiff sought to acquire the support by withholding from the ex-husband's wages. At the time of the entry of the order, the ex-husband worked for defendant.

¶ 3    The record indicates that plaintiff personally served her notice to withhold income for support on defendant. Plaintiff attached the notice she served on defendant to her complaint. The notice given defendant did not include the ex-husband's social security number or the termination date of defendant's income-withholding obligation. Notwithstanding the lack of a social security number, the notice contained sufficient information from which defendant could infer the termination date of its withholding obligation, such as the birth dates of the couple's children and a definition section that stated that child support terminated upon the later-occurring of the younger child's eighteenth birthday or graduation from high school. Plaintiff also personally served the ex-husband's attorney in court. (The Act states that the obligor (*i.e.*, the ex-husband) is to be served notice via ordinary mail to his last known address. 750 ILCS 28/20(g) (West 2010).)

¶ 4    The record shows that, through May 2010, plaintiff's ex-husband continued to work for

defendant. Plaintiff never received any support payments deriving from her ex-husband's employment with defendant. On November 10, 2011, plaintiff filed the instant complaint, alleging that defendant knowingly failed to pay over to the State Disbursement Unit the amounts ordered to be withheld from her ex-husband's paychecks. Plaintiff further alleged that defendant had a statutory duty to withhold and pay over to the State Disbursement Unit the ordered amounts from her ex-husband's paychecks within seven days after the pay would have been given to her ex-husband. Plaintiff alleged that defendant, pursuant to section 35 of the Act (750 ILCS 28/35 (West 2010)), owed a duty to plaintiff to comply with the notice of withholding. Plaintiff alleged that defendant breached its statutory duty to her, thereby triggering a penalty of $100 for each day defendant failed to pay over to the State Disbursement Unit the ordered amounts.

¶ 5        On January 24, 2012, defendant filed a motion to dismiss plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2010)). Defendant argued that plaintiff's notice of withholding did not comply with the statutory requisites of section 20(c) of the Act (750 ILCS 28/20(c) (West 2010)) and that plaintiff did not properly effect service on her ex-husband under section 20(g) of the Act (750 ILCS 28/20(g) (West 2010)). Defendant contended that, because plaintiff's notice of withholding did not comply with the statute, defendant's duty to withhold and pay over a portion of her ex-husband's paychecks was never triggered.

¶ 6        The trial court granted defendant's motion to dismiss. It accepted defendant's contention that the notice provisions in the Act required strict compliance. The trial court dismissed with prejudice plaintiff's complaint. Plaintiff timely appeals.

¶ 7        Plaintiff contends that the defects in her notice of withholding and in her service of the notice were matters of form rather than substance. Plaintiff argues that her notice of withholding was sufficient to apprise defendant of its obligation to withhold and pay over monies from her ex-husband's paychecks and that any omissions were so minor that she substantially complied with the statutory requirements. Plaintiff concludes that, as a result, the trial court erred in dismissing her complaint.

¶ 8        The dispositive issue in this appeal is whether plaintiff's notice of withholding was sufficient. We can determine the sufficiency of the notice of withholding only by reference to the terms of the Act. In other words, we must interpret the provisions of the Act in order to determine whether plaintiff's notice of withholding was sufficient to trigger defendant's duty to withhold the ordered sums from her ex-husband's paychecks.

¶ 9        The cardinal goal of statutory interpretation is to ascertain and give effect to the intent of the legislature. *In re Estate of McFadden*, 2011 IL App (2d) 101157, ¶ 17. The best indication of the legislative intent is the language used in the provision, given its plain and ordinary meaning. *Id.* Where the statutory language is clear and unambiguous, we must apply it as it is written, and we will not read into it exceptions, limitations, or conditions that are absent from the statutory language. *Id.* Further, penal statutes are strictly construed and will not be extended beyond their terms. *Croissant v. Joliet Park District*, 141 Ill. 2d 449, 455 (1990). When reviewing a question of statutory interpretation, we apply a *de novo* standard of review. *Blum v. Koster*, 235 Ill. 2d 21, 29 (2009).

¶ 10	The Act provides a means for the custodial parent to collect child support payments directly from the noncustodial parent's employer. 750 ILCS 28/35 (West 2010). The legislature created the Act to coordinate with income-withholding support provisions found in other statutes, such as the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/706.1 (West 2010)), the Non-Support of Spouse and Children Act (750 ILCS 15/4.1 (repealed 1999)), the Illinois Public Aid Code (305 ILCS 5/10-16.2 (West 2010)), and the Illinois Parentage Act of 1984 (750 ILCS 45/20 (West 2010)). See 750 ILCS 28/5 (West 2010).

¶ 11	Specifically, section 35 of the Act places a duty on the payor who has been served with notice to pay over to the State Disbursement Unit the ordered portion of the obligor's income. 750 ILCS 28/35(a) (West 2010). Section 20(c) of the Act provides the information to be included in the notice of withholding. It provides, pertinently, that:

> "The income withholding notice shall:
>
> * * *
>
> (9) include the Social Security number of the obligor; and
>
> (10) include the date that withholding for current support terminates, which shall be the date of termination of the current support obligation set forth in the order for support; and
>
> (11) contain the signature of the obligee or the printed name and telephone number of the authorized representative of the public office, except that the failure to contain the signature of the obligee or the printed name and telephone number of the authorized representative of the public office shall not affect the validity of the income withholding notice[.]" 750 ILCS 28/20(c) (West 2010).

Thus, the provisions regarding the information to be contained in the notice of withholding require both the anticipated termination date and the obligor's social security number. In addition, the obligee's signature is expressly excepted from affecting the validity of the notice of withholding.

¶ 12	Here, it is undisputed that plaintiff's notice of withholding did not include her ex-husband's social security number or the termination date of the withholding obligation. The issue, then, is what effect, if any, these omissions have on the validity of the notice. We determine that the omission of the social security number is dispositive.

¶ 13	Two aspects of section 20(c) of the Act lead us to our conclusion. First, subsection (c) uses the word "shall," so in crafting a notice of withholding, the obligee "shall" include the obligor's social security number. "Shall" generally indicates that the legislature intended a mandatory obligation. *Holly v. Montes*, 231 Ill. 2d 153, 160 (2008). The word "generally," however, offers ample wiggle room. While "shall" typically indicates a mandatory, rather than a directory, provision, a mandatory provision does not always require strict compliance and might be satisfied through substantial compliance. *Fehrenbacher v. Mercer County*, 2012 IL App (3d) 110479, ¶ 15.

¶ 14	Pertinent to our inquiry here, a line of cases holds that, where "shall" is accompanied by some sort of penalty or consequence, it will be deemed mandatory and require strict

compliance; where no penalty or consequence accompanies "shall," it will be deemed directory and require only substantial compliance. See, *e.g.*, *Sutton v. Cook County Officers Electoral Board*, 2012 IL App (1st) 122528, ¶ 16; *Samuelson v. Cook County Officers Electoral Board*, 2012 IL App (1st) 120581, ¶ 31. *Sutton* and *Samuelson* provide insight into the legislative intent. While section 20 of the Act does not indicate a penalty or consequence for the failure to strictly comply, the Act itself is penal, because it imposes a $100-per-day penalty for the payor's knowing noncompliance. 750 ILCS 28/35(a) (West 2010). The fact that the Act itself is penal suggests that strict rather than substantial compliance is required, in accord with the reasoning expressed in *Sutton* and *Samuelson*.

¶ 15 In addition, a consideration of the interests at stake also suggests that strict, rather than substantial, compliance is necessary. For example, involuntary-commitment cases prefer to construe "shall" to be mandatory and require strict compliance in light of the respondent's liberty interest at stake. *E.g.*, *In re Lance H.*, 2012 IL App (5th) 110244, ¶ 25. Here, while there is no liberty interest at stake, the obligor would have a significant portion of his wages withheld and paid over to plaintiff. Additionally, defendant, as payor, would face rapidly accumulating penalties if it failed to comply with the Act. These interests are sufficiently weighty to suggest that "shall" in section 20(c) of the Act should be construed as mandatory and requiring strict compliance.

¶ 16 Notwithstanding the foregoing analysis on the interpretation of "shall," there is another rule of statutory construction that confirms the necessity of strict compliance in this case, namely, the maxim of "*expressio unius est exclusio alterius*," which means the expression of one thing implies the exclusion of the other. *Plock v. Board of Education of Freeport School District No. 145*, 396 Ill. App. 3d 960, 967 (2009). In *Plock*, this court held that, under the *expressio unius* maxim, " 'the enumeration of exceptions in a statute is construed as an exclusion of all other exceptions.' " *Id.* (quoting *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 286 (2003)). Applying the maxim here leads to the result that the inclusion of the obligor's social security number is both mandatory and subject to strict compliance.

¶ 17 There are 12 subsections included within section 20(c) of the Act. Subsection (c)(11) provides that the signature of the obligee or the printed name and telephone number of the authorized representative of the public office "shall" be included in the notice of withholding, except the failure to include either of these items "shall not affect the validity of" the notice of withholding. 750 ILCS 28/20(c)(11) (West 2010). No other provision within section 20(c) of the Act includes any similar exception. Because subsection (c)(11) expressly excepts the lack of signature from affecting the validity of the notice of withholding, applying the maxim of *expressio unius* results in the conclusion that any other exception must be excluded. In other words, the information in each of the other 11 subsections is mandatorily required to be present in the notice of withholding and any absence of information required by the remaining 11 subsections must affect the validity of the notice of withholding. Stated somewhat more succinctly, while there can be substantial (or even no) compliance regarding the signature requirement, there must be strict compliance with all the other subsections. Accordingly, we have confirmed that the legislature intended "shall" in section 20(c) of the Act both to be mandatory and to require strict compliance with its terms other than subsection (c)(11), the signature requirement.

¶ 18    Here, it is undisputed that plaintiff did not include the ex-husband's social security number. Because such information was mandatory and subject to strict compliance, its omission renders the notice of withholding invalid. Because the notice of withholding is invalid, defendant's statutory duty to withhold and pay over to the State Disbursement Unit the ordered portion of the ex-husband's income was never triggered. Accordingly, the trial court properly dismissed with prejudice plaintiff's complaint.

¶ 19    Plaintiff argues that her complaint should survive dismissal because it presented sufficient facts to state a claim. Plaintiff's argument raises a possible issue about the procedure below, where defendant moved to dismiss under section 2-615 of the Code (735 ILCS 5/2-615 (West 2010)) but supported and argued its motion as if it were pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2010)). We need not concern ourselves further with this issue, for two reasons. First, the invalidity of the notice of withholding means that plaintiff may not maintain a cause of action, as defendant's obligations under section 35 of the Act (750 ILCS 28/35 (West 2010)) were never properly triggered or invoked. In other words, a valid notice is essential to the viability of plaintiff's complaint and, in its absence, plaintiff cannot maintain a successful complaint. Thus, whether plaintiff's allegations include the elements required to state a claim that defendant violated section 35 of the Act, the invalid notice belies and is fatal to those allegations. Second, the confusion over the proper analytical framework under which defendant's motion to dismiss was to be evaluated exists more on the reviewing level, and not in the trial court. Plaintiff was able to appropriately consider and respond to defendant's arguments and incurred no prejudice resulting from the form of the motion to dismiss. The formal analytical framework, then, does not matter, because both below and here, plaintiff was not prejudiced and was able to clearly advance her arguments.

¶ 20    Plaintiff maintains that the notice of withholding substantially complied with section 20(c) of the Act and that all necessary information either was included, could have been inferred, or could have been ascertained by contacting her attorney, whose contact information was included in the notice of withholding. In support of her argument, plaintiff relies on *In re Marriage of Gulla*, 382 Ill. App. 3d 498 (2007), *aff'd*, 234 Ill. 2d 414 (2009), for the proposition that imperfect notice may nevertheless constitute sufficient notice.

¶ 21    Plaintiff's reliance on *Marriage of Gulla* is misplaced. First, our analysis demonstrates that strict compliance with section 20(c) (except for the signature requirement of section 20(c)(11)) is required. Thus, *Marriage of Gulla* is distinguishable because it involved a situation in which substantial compliance is acceptable, and not a situation in which strict compliance is required.

¶ 22    Additionally, *Marriage of Gulla* is distinguishable on its facts. In *Marriage of Gulla*, the trial court ordered the obligor/ex-husband to pay child support of $3,000. *Marriage of Gulla*, 382 Ill. App. 3d at 500. The plaintiff also issued a notice of withholding of income for support. However, the ex-husband had moved to Mississippi to work for the payor. *Id.* The law in Mississippi differed from that in Illinois by expressly prohibiting the withholding of more than half of an obligor's income. *Id.* at 501. The payor did not withhold any income from the ex-husband's paychecks until it received a petition from the plaintiff. The payor argued that it could not comply with the notice, because the notice ordered that more money

be withheld than was allowable under Mississippi law (as well as more money than the ex-husband made on a monthly basis). The payor argued that, since it could not comply with the withholding notice, it should not be penalized under section 35 of the Act for knowingly failing to withhold income. *Id.* at 502-03.

¶ 23　This court reasoned that the notice to the payor sufficiently complied with the Act because the notice of withholding informed the payor of its obligation, where to send the withheld income, and that, if the ordered amount of withholding violated Mississippi law, then the payor should have withheld only the amount allowed under Mississippi law. *Id.* at 503. This court also noted that the notice of withholding instructed the payor to contact the plaintiff's attorney if any questions about the notice or the payor's obligations pursuant to the notice arose. *Id.*

¶ 24　Plaintiff maintains that *Marriage of Gulla* stands for the proposition that a notice of withholding need only substantially comply with section 20(c) of the Act, especially where the notice informs the payor of its obligation and where to send the withheld income and provides the payor with the plaintiff's attorney-contact information. Plaintiff argues that her notice included all of the information held in *Marriage of Gulla* to be required in a notice of withholding. We disagree.

¶ 25　Plaintiff fails to credit that the issue before the court in *Marriage of Gulla* was whether the payor had knowingly breached its duty under the Act where the amount of the support payments to be withheld violated the law of the state in which the payor resided. *Id.* at 502. This is an entirely different issue than whether section 20(c) of the Act requires strict or substantial compliance. Further, at no point in *Marriage of Gulla* did the payor argue that the notice was invalid or omitted mandatory information required by section 20(c) of the Act. This court's statements about the notice in *Marriage of Gulla* amount only to *obiter dicta* because no issue of the validity of the notice was raised in that case. Rather, the notice was conceded to be valid and the issue was whether the payor's actions were knowing for the purposes of section 35 of the Act. *Id.* Further, in affirming our judgment, our supreme court held that the issue was under which state's law, Illinois's or Mississippi's, the penalty for knowing failure to withhold and pay over the ordered sums should be calculated. *In re Marriage of Gulla*, 234 Ill. 2d 414, 425 (2009). Our supreme court further held that the conflict between the states' laws did not invalidate the notice and that the penalty for knowing failure to withhold must be determined in accord with the law of the payor's state of residence. *Id.* at 428. Thus, even in the supreme court, the validity of the notice was not at issue; only what law should control the withholding and the penalty to be imposed due to the knowing failure to withhold. *Marriage of Gulla*, therefore, is inapposite.

¶ 26　Our determination that the omission of required information, the ex-husband's social security number, invalidates the notice of withholding disposes of the issues in this case. Accordingly, we do not need to consider plaintiff's remaining arguments.

¶ 27　For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

¶ 28　Affirmed.