# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *Schultz v. Performance Lighting, Inc.*, 2013 IL 115738

---

| | |
|---|---|
| Caption in Supreme Court: | JENNIFER SCHULTZ, Appellant, v. PERFORMANCE LIGHTING, INC., Appellee. |
| Docket No. | 115738 |
| Filed | November 21, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An employer could not be assessed the $100 per day statutory penalty for failure to withhold child support where the notice it received in 2009 was invalid as irregular on its face for failure to include the obligor father's social security number as required by statute—2012 legislation not applicable. |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Lake County, the Hon. Margaret J. Mullen, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Joel S. Ostrow, of Bannockburn, for appellant.

Michael D. Furlong, of Trobe, Babowice & Associates LLC, of Waukegan, for appellee.

Justices

JUSTICE THOMAS delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Freeman, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion.

# OPINION

¶ 1    Plaintiff, Jennifer Schultz, filed a complaint in the circuit court of Lake County, seeking to recover a $100 per day statutory penalty from defendant, Performance Lighting, Inc., pursuant to section 35 of the Income Withholding for Support Act (the Act) (750 ILCS 28/35 (West 2010)). Plaintiff's claim was based on defendant's failure to withhold sums for child support that allegedly should have been withheld from her ex-husband's paychecks. The circuit court dismissed the complaint with prejudice, finding that plaintiff's notice of withholding was not in strict compliance with the requirements of the Act for creating a valid notice. See 750 ILCS 28/20(c) (West 2010). The appellate court affirmed, rejecting plaintiff's argument that she sufficiently complied with the notice requirements so as to trigger defendant's obligation to withhold funds from her ex-husband's paychecks. 2013 IL App (2d) 120405. For the following reasons, we affirm the judgment of the appellate court.

¶ 2                                    BACKGROUND

¶ 3    In 2009, plaintiff filed for a dissolution of her marriage to her now ex-husband. On November 19, 2009, the circuit court entered an order that required the ex-husband to pay child support to plaintiff in the amount of $600 every two weeks. The order was prepared by plaintiff's attorney and did not include the obligor's (the ex-husband's) social security number, even though section 20(a)(3) of the Act specifically requires that "every order for support *** [i]nclude the obligor's Social Security Number, which the obligor shall disclose to the court." See 750 ILCS 28/20(a)(3) (West 2010).[1] On that same day, the court also

_____

[1]Compare with Supreme Court Rule 15, which provides among other things, that if the disclosure of a social security number is required for a document to be filed with the court, only the last four digits of the number shall be used in the document and the disclosure must be accompanied by a confidential information notice, which includes the full social security number to which the parties are privy. This requirement, however, did not become effective until January 1, 2012. Ill. S.

-2-

issued a "Uniform Order for Support," which also set forth the $600 bi-weekly child support obligation. This order was also prepared by plaintiff's attorney, and it too did not include the social security number of the obligor. Additionally, it did not fill in the blank for the name of the obligor. At the time of the entry of the orders, the ex-husband worked for defendant. The uniform order for support stated that a notice to withhold income shall issue immediately and shall be served on the employer listed in the order. But no employer was actually listed in that order. The uniform order for support also stated that the employer was to make payments to the State Disbursement Unit and was required to include the obligor's name and social security number with those payments.

¶ 4    Plaintiff sought to acquire the court-ordered support by withholding from her ex-husband's wages. Plaintiff served a notice to withhold income for support on defendant and filed the notice with the circuit clerk on November 19, 2009. Plaintiff attached the notice she served on defendant, as well as the uniform order for support, to her complaint. The notice, however, did not include the ex-husband's social security number or the termination date of defendant's income-withholding obligation, even though the Act states that these items are required to be placed in the notice.[2] See 750 ILCS 28/20(c)(9), (c)(10) (West 2010). Plaintiff also served the ex-husband's attorney in court with the notice but did not serve the ex-husband himself.[3]

¶ 5    Plaintiff's ex-husband continued to work for defendant through May 2010. It is undisputed that defendant did not withhold any sums for support from the ex-husband's paycheck and did not forward any amounts to the State Disbursement Unit on plaintiff's behalf.

¶ 6    On November 10, 2011, plaintiff filed the instant complaint, alleging that defendant knowingly failed to pay over to the State Disbursement Unit the amounts ordered to be withheld from her ex-husband's paychecks. Plaintiff further alleged that defendant had a statutory duty to withhold and pay over to the State Disbursement Unit the ordered amounts from her ex-husband's paychecks within seven days after the pay would have been given to her ex-husband. Plaintiff alleged that under section 35 of the Act, defendant owed a duty to plaintiff to comply with the notice of withholding and that defendant breached this statutory duty, thereby triggering a penalty of $100 for each day defendant failed to pay over to the State Disbursement Unit the ordered amounts.

¶ 7    On January 24, 2012, defendant filed a motion to dismiss plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2010)). Defendant

Ct. R. 15 (former Rule 138 (eff. Jan. 1, 2012); renumbered as Rule 15 (eff. Apr. 26, 2012)).

[2]But the notice did contain sufficient information to allow defendant to infer the termination date of the withholding obligation, as the notice included the birth dates of the couple's children and a definition section that stated that child support terminated upon the later-occurring of the younger child's eighteenth birthday or graduation from high school.

[3]The Act states that the obligor is to be served notice by ordinary mail to his last known address. See 750 ILCS 28/20(g) (West 2010).

argued that plaintiff's notice of withholding did not comply with the statutory requirements of section 20(c) of the Act (750 ILCS 28/20(c) (West 2010)) and that plaintiff did not properly effect service on the obligor under section 20(g) of the Act (750 ILCS 28/20(g) (West 2010)). Defendant maintained that because plaintiff's notice of withholding did not comply with the statute, the notice was invalid and therefore defendant's duty to withhold and pay over a portion of her ex-husband's paychecks was never operative.

¶ 8   In response to the motion to dismiss, plaintiff argued that the omissions in the notice were minor and did not obviate defendant's obligation to withhold under section 35(a) of the Act. She further argued that because defendant was adequately informed of the amount to withhold and the obligor's name was included in the notice, defendant should have been able to comply with the notice.

¶ 9   The circuit court rejected plaintiff's response and instead agreed with defendant's arguments. Accordingly, it dismissed plaintiff's complaint with prejudice. The appellate court affirmed, holding that the omission of the required information, in particular the ex-husband's social security number, invalidated the notice of withholding and mandated dismissal of the case. 2013 IL App (2d) 120405, ¶ 26. We allowed plaintiff's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

¶ 10                              ANALYSIS

¶ 11   The central issue in this case is whether a notice of withholding that is statutorily deficient because it fails to include the required social security number of the obligor can nonetheless be deemed sufficient to impose a duty on an employer to withhold the obligor's income. Plaintiff argues that including the obligor's social security number is not mandatory and only substantial compliance with the statutory elements of a withholding notice is required to make a notice effective and binding. Thus, the issue before us requires that we interpret the provisions of the Act to determine whether plaintiff's notice of withholding was sufficient to impose a duty to withhold in this case.

¶ 12   The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 503-04 (2000). The best indicator of legislative intent is the statutory language itself, given its plain and ordinary meaning. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479 (1994). We consider the statute in its entirety, keeping in mind the subject it addresses and the apparent intent of the legislature in enacting it. *People v. Perry*, 224 Ill. 2d 312, 323 (2007). Moreover, to the extent there is any ambiguity, penal statutes and statutes that create "new liabilities" should be strictly construed in favor of persons sought to be subjected to their operation and will not be extended beyond their terms. See, *e.g.*, *Nowak v. City of Country Club Hills*, 2011 IL 111838, ¶¶ 19, 27 (statute creating a new liability strictly construed in favor of entity that would have been subjected to the liability); *Croissant v. Joliet Park District*, 141 Ill. 2d 449, 455 (1990) (penal statute to be construed strictly). Similarly, statutes in derogation of the common law are to be strictly construed in favor of persons sought to be subjected to their operation. *Nowak*, 2011 IL 111838, ¶ 19. The proper construction to be placed on a statute is a question of law that we review *de novo*. *Id.* ¶ 11.

-4-

¶ 13    Section 35 of the Act places a duty on the payor who has been served with notice to pay over to the State Disbursement Unit the ordered portion of the obligor's income. 750 ILCS 28/35(a) (West 2010). Under the Act, an "[o]bligor" is defined as the "individual who owes a duty to make payments under an order for support." 750 ILCS 28/15(e) (West 2010). A "[p]ayor" is defined as "any payor of income to an obligor." 750 ILCS 28/15(g) (West 2010). Section 35 imposes a $100 a day penalty on a payor who knowingly fails to withhold income of an obligor in the amount of an income withholding notice served under the Act. 750 ILCS 28/35 (West 2010).

¶ 14    The statute requires the "obligee," the plaintiff in this case, to serve the income withholding notice on the payor and the obligor. 750 ILCS 28/20(g) (West 2010). Section 20(c) of the Act sets forth the information that must be included in the notice of withholding. It provides in relevant part as follows:

"The income withholding notice shall:

(1) be in the standard format prescribed by the federal Department of Health and Human Services; and

(2) direct any payor to withhold the dollar amount required for current support under the order for support; and

* * *

(9) include the Social Security number of the obligor; and

(10) include the date that withholding for current support terminates, which shall be the date of termination of the current support obligation set forth in the order for support; and

(11) contain the signature of the obligee *** except that the failure to contain the signature of the obligee *** shall not affect the validity of the income withholding notice; and

(12) direct any payor to pay over amounts withheld for payment of support to the State Disbursement Unit." 750 ILCS 28/20(c) (West 2010).

¶ 15    The above-quoted statute unequivocally requires that the obligor's social security number be included in the notice of withholding. Notably, the obligee's signature is the only one of the 12 requirements mentioned in the statute that is expressly excepted from affecting the validity of the notice of withholding. It is undisputed that plaintiff, as the obligee sending the notice, failed to include her ex-husband's social security number in her notice. We agree with the appellate court that the omission of the social security number is dispositive and that it rendered the notice invalid.

¶ 16    The use of the word "shall" generally indicates that the legislature intended to impose a mandatory obligation. *People v. Boeckmann*, 238 Ill. 2d 1, 15-16 (2010); *Holly v. Montes*, 231 Ill. 2d 153, 160 (2008). Moreover, a statute is considered mandatory, as opposed to merely directory, if it indicates a legislative intent to dictate a particular consequence for failure to comply with the provision. *In re M.I.*, 2013 IL 113776, ¶ 16.

¶ 17    Here, we find that the legislature intended a particular consequence for failing to comply with the requirements of section 20(c) of the Act other than the signature requirement. That

consequence is that the notice be rendered invalid. We know this because the legislature specifically singled out the lack of an obligee's signature as an omission that would not affect the validity of the notice. Under the maxim of *expressio unius est exclusio alterius*, the enumeration of an exception in a statute is considered to be an exclusion of all other exceptions. *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 286 (2003). This rule " 'is based on logic and common sense,' as '[i]t expresses the learning of common experience that when people say one thing they do not mean something else.' " *Id.* (quoting *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 152 (1997)).

¶ 18 Accordingly, application of the rule supports the notion that "shall" is to be given a mandatory interpretation in this case so that the information in each of the other 11 subsections is absolutely required to be present in the notice and any absence of the information required by the other 11 subsections must affect the validity of the notice of withholding. In sum, there can be a lack of compliance with the signature requirement, but there must be strict compliance with all the other subsections. From our reading of the statute, there is no contrary legislative intent which would overcome this rule of construction in this case.

¶ 19 Plaintiff attempts to explain away the special mention in section 20(c)(11) of the omission of the signature as not affecting the validity of the notice, by claiming this exception was placed there to distinguish it from other statutory situations where a signature would be required, such as the provision stating that the initial pleading in a dissolution of marriage action be verified (see 750 ILCS 5/403(a) (West 2010)). We find plaintiff's contention to be without merit. There was no reason for the legislature to note in section 20(c)(11) of the Act that the signature of the obligor does not affect the validity of the notice other than to distinguish that item from the other items mentioned, which are necessary to constitute a valid withholding notice that is regular on its face.

¶ 20 Plaintiff's interpretation of the statute is wrong for the additional reason that it would lead to an absurd result. This court has repeatedly held that statutes should be construed in a way that avoids absurd or unjust results. *Township of Jubilee v. State of Illinois*, 2011 IL 111447, ¶ 36; *Roselle Police Pension Board v. Village of Roselle*, 232 Ill. 2d 546, 558-59 (2009); *Harris v. Manor Healthcare Corp.*, 111 Ill. 2d 350, 362-63 (1986). Under plaintiff's interpretation, a payor would face a catch-22 situation of having to choose between honoring an irregular notice to avoid penalties under section 35(a) of the Act or dishonoring an irregular notice so as to keep itself in line with the immunity from civil liability afforded under section 35(c) of the Act. Section 35(c) provides that "[a] payor who complies with an income withholding notice that is *regular on its face* shall not be subject to civil liability with respect to any individual, any agency, or any creditor of the obligor for conduct in compliance with the notice." (Emphasis added.) 750 ILCS 28/35(c) (West 2010). Thus, section 35(c) creates a safe harbor for an employer complying with a withholding notice only to the extent that the notice is regular on its face, meaning that the notice contains the information required by section 20(c), which includes the obligor's social security number.

¶ 21 Plaintiff makes no argument that leaving the social security number of the obligor out of the notice of withholding can nonetheless result in the notice being considered "regular on its face." But we find that any such argument would be rejected. A social security number

is an essential piece of identifying information, especially considering that there may be more than one employee with the same name working for the employer. It would be hard to fathom, then, how a notice lacking this essential information could be considered regular on its face.

¶ 22    There is also an additional reason why a notice lacking the obligor's social security number cannot be considered "regular on its face," and it has to do with the interplay between the Illinois statute and federal law. Even though the Illinois Income Withholding for Support Act does not define the term "regular on its face," our Act must be read in conjunction with the federal Child Support Enforcement Act (the federal Act) (42 U.S.C. § 651 *et seq.*). Section 20(c)(1) of the Illinois Act provides that "[t]he income withholding notice shall *** be in the standard format prescribed by the federal Department of Health and Human Services." 750 ILCS 28/20(c)(1) (West 2010). The federal Act in turn provides that in order to receive federal funds in connection with a state's enforcement of its child support statute, a state must enact and have in effect the same procedures "to improve child support enforcement effectiveness" which are required by section 666 of the federal Act. 42 U.S.C. §§ 654(20)(A), 666(a), (b) (2012).

¶ 23    Section 666(b)(6)(A)(i), (ii) of the federal Act provides that the duty of the employer to withhold is triggered only upon being given notice of withholding in the "standard format prescribed by the Secretary," which is deemed "necessary for the employer to comply with the withholding order." 42 U.S.C. § 666(b)(6)(A)(i), (ii). The federal Act, like the Illinois Act, provides immunity from civil liability for "[a]n employer who complies with an income withholding notice that is regular on its face." 42 U.S.C. § 666(b)(6)(A)(i); 750 ILCS 28/35(c) (West 2010). It would be reasonable then to assume that a withholding notice is considered "regular on its face" under both Illinois and federal law when it is a completed document that contains the necessary information required by the form adopted by the United States Secretary of Health and Human Services. We have reviewed that form and it unequivocally requires that the sender of the notice must include in the notice the "[e]mployee/obligor's Social Security number or other taxpayer identification number."[4]

¶ 24    We thus recognize the absurdity, as well as the incongruence, of plaintiff's position of requiring defendant's compliance with the withholding notice in the absence of full compliance by plaintiff with the requirements for a valid notice. As noted, plaintiff's position would place employers in the difficult position of deciding whether to subject themselves to the possibility of civil liability for payment pursuant to an irregular withholding notice or

---

[4]The Instructions to the Secretary's income withholding for support notice state that the notice must be regular on its face and must be rejected if it is not. Among the items that the Instructions specifically state must be included in the notice and filled out by the sender is the obligor's social security number or other taxpayer identification. See http://www.acf.hhs.gov/sites/default/files/ocse/omb_0970-0154_instructions.pdf. We also know that the social security number itself is a necessary piece of information because the Secretary's standard form requires a space for it and section 666(b)(6)(A)(ii) states that the form must "contain only such information as may be necessary for the employer to comply with the withholding order." 42 U.S.C. § 666(b)(6)(A)(ii).

instead subject themselves to stiff statutory penalties for noncompliance with an irregular notice. We believe that if the obligee of a support order wants to take advantage of the significant penalties that may be recovered against an employer under the Act, the obligee must comply fully with the statutory notice requirements so that the notice is "regular on its face."

¶ 25    Citing *In re Marriage of Gulla*, 382 Ill. App. 3d 498 (2008), *aff'd*, 234 Ill. 2d 414 (2009), plaintiff argues that any confusion that the employer had about the notice should have been resolved by defendant contacting the attorney who served the notice. She maintains that as long as the employer is served with a notice informing it of where to send the support and how to contact the attorney serving the notice, the law demands compliance with the notice. We find that *Gulla* does not support plaintiff's position.

¶ 26    In *Gulla*, there was no claim that the notice did not include the obligor's social security number or that it omitted any of the other mandatory information required by section 20(c) of the Act. In that case, the obligor, under an order of support that required him to pay $3,000 per month, worked for the defendant-employer in the State of Mississippi. A withholding notice was issued in Illinois and sent to the employer in Mississippi. The notice stated that the defendant should withhold $3,000 per month from the obligor's pay. The notice also specifically explained that if the amount to be withheld exceeded the amount allowed by the law of its state, the employer should withhold only the amount allowed by its state. *Gulla*, 382 Ill. App. 3d at 503. Despite this clear notice, the employer argued that it did not knowingly violate the duty to withhold under the Illinois Act because the amount of the support payment listed was more than the obligor made in a month and Mississippi law prohibited the employer from paying more than 50% of the obligor's net income. *Gulla*, 382 Ill. App. 3d at 501.

¶ 27    The appellate court in *Gulla* rejected the employer's argument. It held that "[b]ased on the clarity of the notice and [the employer's] failure to adhere to its terms, [the employer] cannot rebut the presumption in the [Act] that it knowingly failed to pay over the amounts that it was obligated to." *Gulla*, 382 Ill. App. 3d at 503. *Gulla* basically held that the employer should have paid, as the notice clearly explained, the amount that was allowed by Mississippi state law, which was 50% of the obligor's actual net income. No issue with respect to the validity of the notice was raised in *Gulla*. Rather, the notice was conceded to be valid.

¶ 28    This court affirmed the appellate court's decision in *Gulla*. But in doing so, it was not asked to address whether the employer's violation of the Act was "knowing." Instead, this court was called upon to address the issue of which state's law should apply—Illinois or Mississippi—to govern the penalty for the employer's knowing failure to withhold and pay over the required amount of support. *Gulla*, 234 Ill. 2d at 425. This court noted that the Illinois statute provided for a $100 per day penalty for each violation of the Act. *Id.* The plaintiff in that case was seeking a judgment of $369,000 based on the Illinois statute. In contrast, the Mississippi statute capped the payor's liability at $500 for willfully failing to withhold, or $1,000 where the failure to comply is the result of collusion between the employer and employee. *Id.* This court found that the conflict between the states' laws did not invalidate the notice and that the penalty must be calculated in accord with the payor's

state of residence. *Id.* at 428. Thus, Mississippi law governed the penalty to be applied. *Id.* The validity of the notice itself was also not before this court. Instead, the issue was simply what law should control the withholding and the penalty to be imposed due to the knowing failure to withhold. Thus, *Gulla* is not helpful to plaintiff's position here.

¶ 29 We acknowledge that at the time the notice in this case was served in November 2009, the Act was silent as to how an invalid notice such as the one in the present case was to be handled. It is indeed a troubling aspect of this case that defendant received the notice and seemingly ignored it without picking up the phone to inform the obligee's attorney that the notice was not regular on its face and was therefore invalid. However, the statute at the time did not require the employer to contact the obligee's attorney to inform the obligee that its notice was invalid, and we will not read such a requirement into the statute. See *Shields v. Judges' Retirement System of Illinois*, 204 Ill. 2d 488, 497 (2003) (it is the dominion of the legislature to enact laws and the courts to construe them, and we can neither restrict nor enlarge the meaning of an unambiguous statute).

¶ 30 We also note that it is equally troubling that the obligee's attorney did not follow up when it soon became clear that the obligee was not receiving payment. Instead it appears that the obligee's attorney waited silently for nearly two years before filing the instant complaint, alleging the failure to withhold and pay over to the State Disbursement Unit and seeking stiff statutory penalties.

¶ 31 We conclude that irrespective of the parties' failure to communicate, the statute is unambiguous in providing that the lack of the obligee's social security number rendered the notice invalid and that the employer, at the time of the relevant events in this case, was not burdened with any statutory duty to contact the obligee of the notice's invalidity. We note that recent amendments to the statute seem to address the problem at issue here. We further note, however, that it is well settled that an amendment of an unambiguous statute creates a presumption that the amendment has worked a change in the law, while the amendment of an ambiguous statute creates no such presumption and might instead indicate that the legislature intended a clarification of the law. *Metropolitan Life Insurance Co. v. Hamer*, 2013 IL 114234, ¶ 25; *State of Illinois v. Mikusch*, 138 Ill. 2d 242, 252 (1990).

¶ 32 The recent amendments to the Act, effective August 17, 2012, now place the duty on the recipient of support to timely contact the employer for an explanation as to why support is not being withheld. 750 ILCS 28/45(j) (West 2012). Specifically, a recipient of support must notify the employer in writing if a support payment is not received. 750 ILCS 28/45(j) (West 2012). Then, within 14 days of receiving this written notice of nonreceipt of payment, the payor must either notify the obligee of the reason for the nonreceipt of payment, or make the payment with 9% interest. A payor who fails to comply with this provision is subject to the $100 per day penalty in section 35 of the Act. 750 ILCS 28/45(j) (West 2012).[5]

[5]Additionally, the penalties available under the Act are now capped and the limitations period for bringing an action for penalties has been reduced. See 750 ILCS 28/35(a) (West 2012) (capping the penalties for failure to withhold "on one occasion" at $10,000 and requiring an action for failure to withhold to be brought within one year).

¶ 33    We need not address the question of whether these amendments could be applied retroactively to the case at bar because we find that even assuming that the amendments can be applied prospectively only as plaintiff suggests, they would then merely indicate a presumption that the legislature has changed the law from not requiring any action from the employer faced with an invalid notice to now requiring the employer to respond with its reason for noncompliance, but only provided that the obligee first gives notice of the non-receipt of payment.

¶ 34                                    CONCLUSION

¶ 35    For the reasons set forth above, we hold that plaintiff's failure to comply with the mandatory requirement of section 20(c)(9) of the Act, requiring inclusion of the obligor's social security number, rendered the notice invalid. Plaintiff consequently could not maintain her action seeking the penalties allowed by the Act in the absence of a conforming withholding notice. Moreover, the statute in effect at the time relevant here did not place any burden on defendant to respond to the invalid notice.

¶ 36    We therefore affirm the judgment of the appellate court.

¶ 37    Affirmed.