# Illinois Official Reports

## Appellate Court

*DLJ Mortgage Capital, Inc. v. Frederick*, 2014 IL App (1st) 123176

| | |
|---|---|
| Appellate Court Caption | DLJ MORTGAGE CAPITAL, INC., Plaintiff-Appellee, v. CALVITA J. FREDERICK, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-12-3176 |
| Filed | May 27, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In mortgage foreclosure proceedings, the trial court's judgment of foreclosure and the order approving and confirming the foreclosure sale of defendant's residence were upheld where defendant did not challenge the order confirming the sale on appeal or allege fraud, but alleged that plaintiff lacked standing to bring the foreclosure action, and such a claim was untimely and not permitted at that stage of the proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-CH-2321; the Hon. Darryl Simko, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | David W. Hepplewhite, P.C., of Chicago (David W. Hepplewhite, of counsel), for appellant.<br><br>Smith & Weik LLC, of Oak Park (Michael J. Weik, of counsel), for appellee. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Pierce and Liu concurred in the judgment and opinion.


**OPINION**

¶ 1        Defendant, Calvita J. Frederick, appeals the order of the circuit court granting summary judgment in favor of plaintiff, DLJ Mortgage Capital, Inc. (DLJ), on plaintiff's foreclosure complaint. On appeal, Ms. Frederick challenges the merits of the foreclosure complaint rather than the confirmation of sale pursuant to the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1507(c) (West 2010)) (Foreclosure Law). She does not challenge the trial court's determination that the sale proceeded properly. For that and the following reasons, we affirm.

¶ 2                                    JURISDICTION

¶ 3        The trial court granted summary judgment and entered a judgment of foreclosure on February 6, 2007. On September 24, 2012, the trial court entered an order approving and confirming the sale and order of possession. Ms. Frederick filed a motion to vacate the order of possession, which was denied on October 23, 2012. She filed her notice of appeal on October 24, 2012. This court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 4                                    BACKGROUND

¶ 5        DLJ filed a complaint to foreclose a mortgage against Ms. Frederick and other defendants not pertinent in this appeal on February 3, 2006. In its complaint, DLJ alleged that it was the legal holder or agent or nominee of the legal holder of the indebtedness and the owner or agent or nominee of the mortgage given as security for the indebtedness. The mortgage and note were executed by American National Bank & Trust Company of Chicago, and the note was endorsed in blank. On May 1, 2006, the trial court entered an order of default against Ms. Frederick and a judgment of foreclosure and sale against all defendants. Ms. Frederick's attorney filed a motion to vacate the judgment of foreclosure and sale, and the trial court vacated the judgment on June 7, 2006. On July 31, 2006, Ms. Frederick filed an answer to DLJ's foreclosure complaint in which she stated that she has insufficient information and therefore neither admits nor denies that DLJ is the legal holder, agent or nominee of the legal holder of the indebtedness, or that DLJ is the owner or agent or nominee of the owner of the mortgage.

¶ 6        DLJ filed a motion for summary judgment and attached as support the supplemental affidavit of Jeannelle Gray, along with a copy of the note indorsed in blank. Gray's affidavit stated in part that DLJ was the current holder and owner of the note and mortgage, that the 2004 assignment of the mortgage was to Fairbanks as servicing agent for DLJ, and the last payment received was more than six years ago. Ms. Frederick did not respond to the motion, nor did she submit affidavits to counter Gray's affidavit. The trial court granted summary

judgment in favor of DLJ and entered a judgment of foreclosure and sale on February 6, 2007.

¶ 7    The sale was conducted on May 10, 2007, and the trial court entered an order approving the sale on June 18, 2007. That same day, Ms. Frederick filed a petition to vacate the sale and a motion to disaffirm the sale. In the motion to disaffirm, Ms. Frederick stated that she was the mortgagor and DLJ was the proper holder of the mortgage. The trial court vacated the order approving the sale on September 11, 2007.

¶ 8    In November 2007, Ms. Frederick filed several actions for injunction and emergency temporary restraining order in which she stated that DLJ was the holder of her mortgage. The trial court entered orders on the motions, no appeals were taken from the orders, and one of the cases was removed to federal court. Five years later, after the federal court proceedings had terminated, Ms. Frederick filed an emergency motion to stay the sale, which the trial court granted until June 7, 2012. The sale proceeded on June 7, 2012 and DLJ emerged as the successful bidder. The trial court entered an order approving the report of sale and distribution, confirming the sale and order of possession on September 24, 2012. The order stated that all notices required by statute were given, "said sale was fairly and properly made," the sale "proceeded in accordance with the terms of" the court's judgment, and that "justice was done."

¶ 9    On October 23, 2012, Ms. Frederick filed a motion to vacate and/or modify the order of possession, claiming that the sale was unconscionable because she allegedly received word that the sale would not be proceeding on May 10, 2007, so she did not have someone at the sale representing her. Nothing in the record indicated the sale was being continued. Furthermore, Ms. Frederick's right of redemption had passed. The trial court denied the motion to disaffirm the sale. Ms. Frederick filed this timely appeal.

¶ 10                                                    ANALYSIS

¶ 11   On appeal, Ms. Frederick contends that this court should reverse the summary judgment granted on the foreclosure complaint and vacate the sale, because DLJ had no standing to bring the complaint in the first place. She argues that the mortgage assignment was made to Fairbanks and not to DLJ.[1] We must note that Ms. Frederick's right of redemption had passed and the judicial sale took place on June 7, 2012. On DLJ's motion, the trial court approved and confirmed the sale, and entered an order of possession on September 24, 2012. Our supreme court recently addressed the issue of challenging the merits of the underlying judgment of foreclosure after the trial court's approval and confirmation of the sale in *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469.

---

[1]Ms. Frederick failed to include a transcript of the proceedings before the trial court, or a bystanders report, or agreed statement of facts as required by Illinois Supreme Court Rule 323 (eff. Dec. 13, 2005). "An issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding." (Internal quotation marks omitted.) *In re Marriage of Gulla*, 234 Ill. 2d 414, 422 (2009). Without a record of the proceeding, we must presume that the court below had a sufficient factual basis for its determination and that it conforms with the law. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). We address her contentions on appeal under this limitation.

¶ 12 　　　In *McCluskey*, the defendant filed a motion to vacate the default judgment 10 months after the judgment of foreclosure, and after the holding of the judicial sale of the property. *McCluskey*, 2013 IL 115469, ¶ 5. In her motion, defendant alleged that plaintiff's affidavit in support of foreclosure was insufficient and that plaintiff lacked standing to bring the foreclosure suit. *Id*. Following a hearing, the trial court denied the motion to vacate. It then entered an order confirming the judicial sale and finding that all notices were given, the sale was fairly and properly made, the sale proceeded in accordance with the court's judgment, and justice was done. Defendant filed her notice of appeal in which she challenged the denial of her motion to vacate the default judgment. She did not, however, challenge the order confirming the sale of the property. *Id*. ¶ 6.

¶ 13 　　　Our supreme court determined that to allow a party to challenge a default judgment through a motion to vacate, after the judicial sale has taken place, is inconsistent with the procedures set forth in the Foreclosure Law. *Id*. ¶ 25. The court cited to *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 4-5 (2010), in which this court held that the Foreclosure Law takes precedence over any inconsistent statutory provisions.

¶ 14 　　　In making this determination, the supreme court examined the procedures under the Foreclosure Law. The Foreclosure Law sets forth "a carefully crafted procedural process" that balances the interests of the lender with the competing interests of the borrower. *McCluskey*, 2013 IL 115469, ¶ 24. Each step of the foreclosure process terminates legal and equitable interests in the property while also providing protections to the borrower's equity in the property, including an allotted time for reinstatement of the mortgage, equitable and statutory rights of redemption and notice of judicial sale. When the trial court enters a judgment of foreclosure, the process "culminates in the confirmation of [the] sale and possession of the property." *Id*.

¶ 15 　　　"Under the Foreclosure Law, after a judicial sale and a motion to confirm the sale has been filed, the court's discretion to vacate the sale is governed by the mandatory provisions of section 15-1508(b)." *Id*. ¶ 18. Section 15-1508(b) states that the court shall confirm the sale unless it finds that (1) proper notice was not given; (2) terms of the sale were unconscionable; (3) the sale was conducted fraudulently; or (4) justice was otherwise not done. 735 ILCS 5/15-1508(b) (West 2010). The supreme court noted that section 15-1508(b) did not expressly define what constitutes an injustice, but the court reasoned that the section appeared "to merely codify the long-standing discretion of the courts of equity to refuse to confirm a judicial sale." *McCluskey*, 2013 IL 115469, ¶ 19.

¶ 16 　　　After a motion to confirm the sale has been filed, "the court has discretion to see that justice has been done, but the balance of interests has shifted between the parties." *Id*. ¶ 25. Therefore, it is not sufficient at this stage of the process "to merely raise a meritorious defense to the" underlying foreclosure complaint. *Id*. ¶ 26. Our supreme court held that "after a motion to confirm the judicial sale has been filed, a borrower seeking to set aside a default judgment of foreclosure may only do so by filing objections to the confirmation of the sale under the provisions of section 15-1508(b)." *Id*. ¶ 27. Therefore, "a party seeking to set aside the sale at that point is limited to the three specified grounds related to defects in the sale proceedings, or to the fourth ground, that justice was otherwise not done." (Internal quotation marks omitted.) *Id*. ¶ 18. To show that justice was not otherwise done, a party must establish that the lender, through fraud or misrepresentation, prevented the borrower from raising the meritorious defense to the complaint, or the borrower was otherwise prevented from

protecting his property interests. *Id.* ¶ 25. The court reasoned that to hold otherwise would be inconsistent with the need for stability in the process and "would allow the borrower to circumvent the time limitations for redemption and reinstatement." *Id.*

¶ 17       Here, Ms. Frederick alleged in her motion to disaffirm the sale that the sale was unconscionable because she believed she was misled about the date of the sale. However, nothing in the record shows that the sale was to take place at another date, or that Ms. Frederick was misled into thinking that the sale was to be continued. Furthermore, as discussed above, we have no record of the proceedings before the trial court. Without a record of the proceedings, we must presume that the court below had a sufficient factual basis for its determination and that it conforms with the law. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 18       More importantly, on appeal Ms. Frederick does not challenge the trial court's determination that the sale proceeded properly. Instead, she argues that DLJ had no standing to bring the foreclosure complaint in the first place. Ms. Frederick's redemption period has passed, the judicial sale has taken place, and the trial court confirmed the sale upon a motion filed by DLJ. As our supreme court held in *McCluskey*, a party seeking to set aside the sale at this point "is limited to the three specified grounds related to defects in the sale proceedings," or to allege that justice was otherwise not done. *McCluskey*, 2013 IL 115469, ¶ 18. As to the three grounds, the trial court below found that all notices required by statute were given, "said sale was fairly and properly made," the sale "proceeded in accordance with the terms of" the court's judgment, and that "justice was done." Rather than challenge the order confirming the sale on appeal, or allege fraud, Ms. Frederick instead raises an allegedly meritorious defense to the underlying foreclosure judgment. Such an argument is insufficient once the trial court enters an order confirming the judicial sale. See *id.* ¶¶ 26-27. Therefore, the trial court's order approving and confirming the sale, as well as the underlying judgment of foreclosure, will stand.

¶ 19       For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 20       Affirmed.