# Illinois Official Reports

## Appellate Court

---

*Pekin Insurance Co. v. Campbell*, 2015 IL App (4th) 140955

---

| | |
|---|---|
| Appellate Court Caption | PEKIN INSURANCE COMPANY, Plaintiff-Appellee, v. TYREE CAMPBELL, d/b/a CAMPBELL CONSTRUCTION AND IMPROVEMENT, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-14-0955 |
| Filed | July 7, 2015 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 12-MR-182; the Hon. Rebecca Simmons Foley, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Mike McElvain (argued), of Law Office of Mike McElvain, of Bloomington, for appellant.<br><br>Robert Marc Chemers and Philip G. Brandt (argued), both of Pretzel & Stouffer, Chtrd., of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE POPE delivered the judgment of the court, with opinion.<br>Justices Knecht and Turner concurred in the judgment and opinion. |

**OPINION**

¶ 1     Plaintiff, Pekin Insurance Company (Pekin), filed a complaint to rescind a workers' compensation policy it issued to defendant, Tyree Campbell, d/b/a Campbell Construction & Improvement (Campbell), citing misrepresentations Campbell made regarding the number of individuals he employed. Despite being served with the complaint, Campbell failed to respond or appear at the subsequent hearing. In August 2012, the trial court entered a default judgment against him.

¶ 2     In April 2014, Campbell filed a petition to vacate the default judgment. According to Campbell's argument, the default judgment was void because the trial court lacked subject matter jurisdiction to address Pekin's complaint. Specifically, Campbell contended the complaint asked the court to make factual determinations exclusively reserved for the Illinois Workers' Compensation Commission (Commission).

¶ 3     Thereafter, Pekin filed a motion to dismiss Campbell's petition, arguing the default judgment was not void because Pekin's complaint involved the rescission of an insurance policy, which was well within the trial court's subject matter jurisdiction. The court granted Pekin's motion. Campbell then filed a motion to reconsider, which the court denied. Campbell appeals that denial and we affirm.

¶ 4     I. BACKGROUND

¶ 5     On May 2, 2012, Pekin filed a complaint against Campbell seeking to rescind a workers' compensation insurance policy it had issued him. According to the complaint, Pekin and Campbell had a history of doing business together and had renewed Campbell's policy in the past. After each prior policy expired, Pekin conducted an audit to calculate the final premium amount. Pekin explained the audit is necessary because Campbell pays an estimated premium over the first nine months of the policy period. The final premium is based on, *inter alia*, the insured's representation of the number of employees employed during the previous policy period.

¶ 6     To its complaint, Campbell attached a certified copy of the workers' compensation policy as well as copies of its audit reports. According to Pekin, its premium is based on the risk assessed from the audits. Campbell expressly indicated he had no employees during each previous audit period. Pekin alleged although Campbell employed an individual named Joshua Poor during the audit period, Campbell still claimed he had no employees. According to Pekin, "Campbell's representations that he had 'no employees' during both the 2010 and 2011 audits were false and known by him to be false at the time he made the representations." As a result, Campbell misrepresented the risk presented to Pekin, which affected whether Pekin would have extended coverage as well as the premium amount charged for accepting that risk. Pekin alleged had it known of Poor's employment, it would not have issued the policy as written.

¶ 7     On May 12, 2012, the McLean County sheriff served Campbell with a summons and copy of Pekin's complaint. Campbell failed to file an answer or other responsive pleading.

¶ 8     On July 26, 2012, Pekin filed a motion for default judgment against Campbell pursuant to section 2-1301(d) of the Code of Civil Procedure (Procedure Code), which authorizes the trial court to enter a default judgment "for want of an appearance, or for failure to plead." 735 ILCS

5/2-1301(d) (West 2012). Notice of the motion and subsequent hearing was provided to Campbell by certified mail. Campbell did not respond to the motion.

¶ 9 On August 27, 2012, the trial court held a hearing on Pekin's motion for default judgment. Campbell failed to appear at the hearing. The court found Campbell had been served but failed to answer or appear. The court entered a default judgment against Campbell and found Pekin was entitled to rescind the policy.

¶ 10 On April 21, 2014, some 20 months later, Campbell filed a petition for relief from judgment pursuant to section 2-1401 of the Procedure Code (735 ILCS 5/2-1401 (West 2012)). In his petition, Campbell acknowledged service of Pekin's pleadings but argued the trial court's default judgment was void for lack of subject matter jurisdiction. Campbell contended Pekin's complaint improperly asked the trial court to determine whether Poor was an employee. Campbell characterized Poor as an independent contractor. According to Campbell, the question of Poor's employment status could not be resolved by the court because the Commission had "exclusive jurisdiction for the factual determination of employment relationships." Campbell requested the court declare its prior order void and allow him to plead to the original complaint. (According to Campbell's petition, he received a settlement demand letter requesting $72,000 to settle a workers' compensation suit filed against him by Poor. The record does not reflect when Poor's claim was filed.)

¶ 11 On May 29, 2014, Pekin filed a motion to dismiss Campbell's petition pursuant to section 2-615 of the Procedure Code (735 ILCS 5/2-615 (West 2012)). Pekin argued, *inter alia*, Campbell's voidness argument was without merit. According to Pekin, the fact the complaint involved a workers' compensation policy did not mean the trial court's resolution of Pekin's complaint for rescission was beyond the court's jurisdiction. Pekin contended the trial court has jurisdiction over all justiciable matters, including an action for rescission of an insurance policy under the Illinois Insurance Code (Insurance Code). See 215 ILCS 5/154 (West 2012).

¶ 12 Pekin further argued the question of whether Poor was an employee was not at issue because that allegation was deemed admitted as fact by virtue of the default judgment. Thus, Pekin concluded there were no factual issues for the Commission to resolve regarding Poor's employment relationship.

¶ 13 Pekin also noted, even if a workers' compensation issue was implicated, the supreme court in *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d 284, 644 N.E.2d 1163 (1994), had already found trial courts possess concurrent jurisdiction with the Commission and, in situations like the one presented in this case, the court's jurisdiction is paramount under the doctrine of primary jurisdiction.

¶ 14 Campbell responded, arguing "Pekin's argument there is no factual issue because the default by Campbell admitted the employment, is wrong and does not give the court subject matter jurisdiction."

¶ 15 On August 6, 2014, the trial court held oral argument on Pekin's motion to dismiss. According to the court's written order, Campbell appeared by counsel and argued against the motion. However, Campbell failed to include a report of the proceedings for this hearing in the record on appeal.

¶ 16 In its August 14, 2014, written order, the trial court found Campbell failed to state a claim for voidness in his section 2-1401 petition. Citing *Skilling*, it found the subject matter of Pekin's complaint for rescission "was within the purview of the determination of the trial

court." As between it and the Commission, the court concluded "primary jurisdiction lies with the circuit court, as this matter involves *** rescission, a matter of law, as opposed to a question of fact." The court concluded its order by stating "[t]o the extent Defendant Campbell can, in good faith, plead [the necessary elements of a section 2-1401 petition not based on voidness grounds], the motion [to dismiss] is allowed without prejudice *** and with leave to re-plead within twenty eight (28) days."

¶ 17    Campbell did not replead and instead on September 3, 2014, filed a motion to reconsider, arguing the trial court erred in finding the rescission action could be decided as a matter of law. Campbell contended the issue of whether he made a material misrepresentation regarding Poor's status was a factual question, which had to be determined by the Commission.

¶ 18    Following an October 2, 2014, hearing, the trial court denied Campbell's motion to reconsider and dismissed the cause with prejudice as Campbell elected to stand on his pleading rather than file an amended section 2-1401 petition. We note Campbell did not include a report of the proceedings for the hearing on the motion to reconsider.

¶ 19    On October 29, 2014, Campbell filed a notice of appeal. Thereafter, Pekin filed a motion to dismiss Campbell's appeal for lack of appellate jurisdiction pursuant to Illinois Supreme Court Rule 303(b)(2) (eff. May 30, 2008), which provides the notice of appeal "shall specify the judgment or part thereof or other orders appealed from." According to Pekin, Campbell failed to indicate which trial court order he was appealing and what relief he sought.

¶ 20    On December 23, 2014, Campbell filed an amended notice of appeal indicating he was appealing from the trial court's (1) August 14, 2014, order denying his petition to vacate the default judgment and (2) October 2, 2014, order denying his motion to reconsider the August 14, 2014, order.

¶ 21    On December 18, 2014, this court entered an order allowing Campbell's motion to accept the amended notice of appeal "as to the circuit court's order of 10/2/14 only" where Campbell's "original and amended notices of appeal are untimely as to the 8/14/14 trial court order."

¶ 22    This appeal followed.

¶ 23                                    II. ANALYSIS

¶ 24    On appeal, Campbell argues the trial court erred in dismissing his motion to reconsider his section 2-1401 petition. Specifically, Campbell contends the court lacked subject matter jurisdiction over Campbell's underlying complaint. We disagree.

¶ 25                                 A. Record on Appeal

¶ 26    Before proceeding to the merits of this case, we note the record before us does not include a transcript or bystander's report for either the August 6, 2014, hearing on Pekin's motion to dismiss Campbell's section 2-1401 petition or the October 2, 2014, hearing on Campbell's motion to reconsider the dismissal of his petition. The docket entry for both hearing dates indicate the parties appeared and the trial court heard arguments. Campbell, as the appellant, has the burden of providing a sufficiently complete record to allow meaningful review of the issues on appeal. *In re Marriage of Gulla*, 234 Ill. 2d 414, 422, 917 N.E.2d 392, 397 (2009). A reviewing court cannot review a trial court's factual findings or basis for its legal conclusion without a record of the proceeding. *Marriage of Gulla*, 234 Ill. 2d at 422, 917 N.E.2d at 397.

- 4 -

Any doubt arising from the incompleteness of the record must be resolved against the appellant. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157, 839 N.E.2d 524, 532 (2005). In the absence of an adequate record, we "must presume the [trial] court's order had a sufficient factual basis and that it conforms with the law." *Marriage of Gulla*, 234 Ill. 2d at 422, 917 N.E.2d at 397. Based upon this presumption of correctness alone, this court could affirm the trial court's judgment.

¶ 27                                    B. Section 2-1401 Petition

¶ 28        "Section 2-1401 of the [Procedure Code] [citation] establishes a comprehensive procedure by which final orders and judgments may be vacated or modified more than 30 days after their entry." *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 94, 858 N.E.2d 1, 6 (2006). "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *People v. Vincent*, 226 Ill. 2d 1, 7-8, 871 N.E.2d 17, 22 (2007). "[A] typical section 2-1401 analysis is two-tiered: (1) the issue of a meritorious defense is a question of law and subject to *de novo* review; and (2) if a meritorious defense exists, then the issue of due diligence is subject to abuse of discretion review." *Cavalry Portfolio Services v. Rocha*, 2012 IL App (1st) 111690, ¶ 10, 979 N.E.2d 930 (citing *Rockford Financial Systems, Inc. v. Borgetti*, 403 Ill. App. 3d 321, 327, 932 N.E.2d 1152, 1159 (2010)).

¶ 29        However, an "allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." S*arkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104, 776 N.E.2d 195, 202 (2002). "[A] void order may be attacked at any time, either directly or collaterally, such as through a section 2-1401 petition." *Pekin Insurance Co. v. Rada Development, LLC*, 2014 IL App (1st) 133947, ¶ 19, 16 N.E.3d 781. "We review *de novo* a judgment entered on a section 2-1401 petition that is requesting relief based on the allegation that the judgment is void." *Pekin Insurance*, 2014 IL App (1st) 133947, ¶ 19, 16 N.E.3d 781.

¶ 30                                  C. Subject Matter Jurisdiction

¶ 31        "Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceeding in question belongs." (Internal quotation marks omitted.) *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 2011 IL 111611, ¶ 27, 959 N.E.2d 1133. "Under the Illinois Constitution of 1970, the circuit courts have original jurisdiction of all justiciable matters except where [the supreme] court has exclusive and original jurisdiction relating to the redistricting of the General Assembly and the ability of the Governor to serve or resume office." *Crossroads Ford*, 2011 IL 111611, ¶ 27, 959 N.E.2d 1133 (citing Ill. Const. 1970, art. VI, § 9). "[A] 'justiciable matter' is a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335, 770 N.E.2d 177, 187 (2002). As the supreme court has explained:

          "To invoke a circuit court's subject matter jurisdiction, a petition or complaint need only 'alleg[e] the existence of a justiciable matter.' [Citation.] Indeed, even a defectively stated claim is sufficient to invoke the court's subject matter jurisdiction, as

- 5 -

'[s]ubject matter jurisdiction does not depend upon the legal sufficiency of the pleadings.' [Citation.] In other words, the *only* consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine. If it does, then subject matter jurisdiction is present." (Emphasis in original.) *In re Luis R.*, 239 Ill. 2d 295, 301, 941 N.E.2d 136, 140 (2010).

¶ 32    Campbell frames his argument in terms of the trial court's jurisdiction to determine the factual question of whether Poor was an employee or independent contractor. According to Campbell, because the Commission's expertise was essential to making that determination, it had *exclusive* jurisdiction over the matter. We disagree.

¶ 33    While trial courts in Illinois have original jurisdiction over all justiciable matters, the legislature may vest exclusive original jurisdiction in administrative agencies "when it has explicitly enacted a comprehensive statutory administrative scheme." *Hastings Mutual Insurance Co. v. Ultimate Backyard, LLC*, 2012 IL App (1st) 101751, ¶ 31, 965 N.E.2d 656. Section 18 of the Workers' Compensation Act provides "[a]ll questions arising under this Act, if not settled by agreement of the parties interested therein, shall, except as otherwise provided, be determined by the Commission." 820 ILCS 305/18 (West 2012). Section 19(f), in turn, specifically limits the function of the trial court in workers' compensation proceedings to appellate review. 820 ILCS 305/19(f) (West 2012); *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 157, 601 N.E.2d 720, 727 (1992) ("role of the circuit court in compensation proceedings is appellate only"). Thus, trial courts "have no original jurisdiction over workers' compensation proceedings, *wherein benefits are determined*, under the Act." (Emphasis added.) *Hartlein*, 151 Ill. 2d at 158, 601 N.E.2d at 727.

¶ 34    In this case, Pekin's rescission action does not involve a question "arising under the Act" as it does not involve a workers' compensation benefits issue. *Cf. Bradley v. City of Marion, Illinois*, 2015 IL App (5th) 140267, ¶ 25, 28 N.E.3d 987 (finding arguments concerning the plaintiff's entitlement to worker's compensation benefits and the defendant's defenses thereto fell "squarely within the purview of the Commission's exclusive jurisdiction"). Indeed, Pekin did not ask the trial court to determine whether Poor was entitled to benefits, a question Pekin concedes would be reserved for the Commission. Instead, Pekin's rescission claim involves section 154 of the Insurance Code (215 ILCS 5/154 (West 2012) (entitling insurers to rescind a policy where the insured makes a material representation during the application process and the misrepresentation materially affects the acceptance of the risk by the insurer)). Pekin's action for rescission of the workers' compensation policy is a justiciable matter within the trial court's jurisdiction. The mere fact Pekin alleged Campbell employed Poor did not divest the court of its subject matter jurisdiction.

¶ 35    We find the supreme court's decision in *Skilling* instructive. In *Skilling*, a workers' compensation insurer filed a declaratory judgment action seeking a declaration an employee's workers' compensation claims were not covered by its policy. *Skilling*, 163 Ill. 2d at 286, 644 N.E.2d at 1164. The court addressed whether the Commission had exclusive jurisdiction over the dispute or whether it shared jurisdiction with the trial court. *Skilling*, 163 Ill. 2d at 286, 644 N.E.2d at 1165. The court concluded the language of section 18 of the Compensation Act did not sufficiently divest the trial court of its original jurisdiction. *Skilling*, 163 Ill. 2d at 287, 644 N.E.2d at 1165 (the "Workers' Compensation Act's pronouncement that '[a]ll questions arising under this Act *** shall *** be determined by the Commission' [citation] [was] insufficient to divest the circuit courts of jurisdiction"). The court explained if a legislative

enactment divests the courts of their original jurisdiction, "it must do so explicitly." *Skilling*, 163 Ill. 2d at 287, 644 N.E.2d at 1165.

¶ 36 The supreme court then concluded the determination of the coverage of a workers' compensation insurance contract was an issue over which both the trial court and the Commission had concurrent jurisdiction. *Skilling*, 163 Ill. 2d at 287, 644 N.E.2d at 1165. After finding concurrent jurisdiction existed, the court went on to determine the trial court should have retained primary jurisdiction over the matter. *Skilling*, 163 Ill. 2d at 289, 644 N.E.2d at 1166 (finding the trial court erred in declining to resolve the insurance coverage dispute where "[i]t is the particular province of the courts to resolve questions of law such as the one presented in the instant declaratory judgment case").

¶ 37 "The doctrine of primary jurisdiction provides that even when the circuit court has jurisdiction over a matter, it should, in some instances, stay the judicial proceedings pending referral of the controversy to an administrative agency." *Hastings Mutual*, 2012 IL App (1st) 101751, ¶ 31, 965 N.E.2d 656. "Referral of the matter is proper so long as the administrative agency has a specialized or technical expertise that would help resolve the controversy, or where there is a need for uniform administrative standards." *Hastings Mutual*, 2012 IL App (1st) 101751, ¶ 31, 965 N.E.2d 656 (citing *Skilling*, 163 Ill. 2d at 288-89, 644 N.E.2d at 1166).

¶ 38 Here, however, there was no need for any "specialized or technical expertise" to determine Poor's employment status. As a result of the default, Campbell admitted the allegation Poor was an employee. A default admits the facts alleged against a defendant in the complaint to be true. *People v. $1,124,905 U.S. Currency & One 1988 Chevrolet Astro Van*, 177 Ill. 2d 314, 334, 685 N.E.2d 1370, 1379 (1997); *Universal Casualty Co. v. Lopez*, 376 Ill. App. 3d 459, 465-66, 876 N.E.2d 273, 279 (2007) (a default is regarded as an admission of the material facts stated in the complaint). When the facts are undisputed, the trial court is permitted to decide the issue as a matter of law. *Dowe v. Birmingham Steel Corp.*, 2011 IL App (1st) 091997, ¶ 29, 963 N.E.2d 344. Thus, even if the trial court possessed concurrent jurisdiction with the Commission, it would not have been error for the court to retain jurisdiction.

¶ 39 In sum, Campbell's argument the trial court lacked subject matter jurisdiction over Pekin's complaint fails. Accordingly, the court did not err in denying Campbell's motion to reconsider.

¶ 40                                               III. CONCLUSION
¶ 41 For the reasons stated, we affirm the trial court's judgment.

¶ 42 Affirmed.