2025 IL App (1st) 242247-U

No. 1-24-2247

Order filed September 30, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CAPITAL ONE, N.A., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 M1 115358 |
| | ) | |
| DON M. MORGAN, | ) | Honorable |
| | ) | Stephen Swedlow, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:   In the absence of a sufficiently complete record of the trial court proceedings to support plaintiff's claims of error, this court presumes that the judgment of the trial court for the defendant was in conformity with the law and had a sufficient factual basis.

¶ 2    In this credit card collection action, the trial court conducted a bench trial and entered judgment in favor of defendant Don Morgan.

¶ 3    On appeal, plaintiff Capital One, N.A., argues that the trial court erred when it denied plaintiff's motion to reconsider because (1) the court lacked jurisdiction over the named defendant since plaintiff had served process on the wrong defendant, (2) the proper course of action was to quash service, and (3) the court failed to consider the circumstances that led to trial.[1]

¶ 4    For the reasons that follow, we affirm the judgment of the circuit court.[2]

¶ 5                                    I. BACKGROUND

¶ 6    In July 2021, plaintiff filed a complaint against "Don M. Morgan," alleging that he opened a line of credit with plaintiff in September 2018, used a credit card issued by plaintiff, failed to make the minimum payment, and owed plaintiff $7,505.05. Plaintiff issued a summons against Don M. Morgan residing on 105th Place in Chicago but did not obtain service at that address. In February 2022, plaintiff issued an alias summons directed to Don M. Morgan on South Richmond Street in Chicago. The process server averred that he personally delivered the alias summons to Don M. Morgan at that address and described him as a 41-year old male.

¶ 7    In December 2022, the trial court issued a default judgment for plaintiff for $7,505.05. However, in January 2023, Don M. Morgan of Richmond Street filed a motion, stating that he contacted plaintiff's attorney and explained that this matter was the result of fraud. The trial court vacated the December 2022 default judgment, and Don M. Morgan of Richmond Street filed an appearance.

---

[1] In May 2025, this court ordered that this case is taken for consideration on the record and plaintiff-appellant's brief only because defendant-appellee has failed to file a brief on appeal.

[2] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 8    In October 2023, the trial court issued a default judgment for plaintiff for $7,505.05. However, Don M. Morgan of Richmond Street moved the court to vacate the default judgment and explained his failure to appear. In November 2023, the trial court vacated the October 2023 default judgment. In May 2024, Don M. Morgan of Richmond Street filed another appearance.

¶ 9    A bench trial was held in September 2024, and the trial court entered judgment for "Defendant Don Morgan."

¶ 10   In October 2024, plaintiff moved the trial court to reconsider that judgment, arguing that plaintiff's allegations pertained to a Don M. Morgan who was born in 2000 and had a social security number ending in 6887, but the hearing established that the Richmond Street Don M. Morgan who appeared at the hearing was a different person and potentially the father of the actual defendant. Plaintiff argued that the court lacked personal jurisdiction over the actual defendant because service was not accomplished on him. Plaintiff also argued that, instead of entering a final order on the merits for the wrong defendant, the trial court should have entered plaintiff's proposed order to quash the service and dismiss the matter without prejudice for not timely obtaining service.

¶ 11   Plaintiff supported its motion with, *inter alia*, the affidavit of attorney Mark Bernachea, who prepared for and participated in the September 2024 bench trial. Bernachea averred that the law firm's records indicated that (1) a person identified as Don Morgan telephoned the firm and indicated that he had a son of the same name who was away at college, (2) that Richmond Street Don M. Morgan claimed fraud but did not file an identity theft affidavit pursuant to Illinois Supreme Court Rule 280.5 (eff. Oct. 1, 2018), (3) when Richmond Street Don Morgan called the firm in November 2023, he refused to supply the last four digits of his social security number, which the firm needed to comply with federal law and avoid improper third party disclosures of

debt, (4) Richmond Street Don Morgan appeared in court in May 2024 and indicated to the firm that he wanted to settle the case, and (5) Richmond Street Don Morgan rejected in court in July 2024 the settlement offers the firm had sent him in June 2024.

¶ 12    Bernachea also averred that, at the bench trial, Richmond Street Don Morgan declined to discuss settlement with Bernachea prior to the start of the hearing. When the hearing commenced, Richmond Street Don Morgan stated that his defense was that he did not open the credit card at issue and his social security number and date of birth were not those listed on the credit card application. Bernachea averred that he requested and received a recess and thereafter presented the court with a proposed order to quash the service against Don M. Morgan and dismiss the case without prejudice. Bernachea averred that the court rejected the proposed order, stating that plaintiff was trying to take advantage of the *pro se* Richmond Street Don Morgan and then would refile this lawsuit in one year and serve the same person. Bernachea averred that he then submitted a different proposed order to quash service, dismiss the Don Morgan who appeared in court with prejudice, and dismiss the matter without prejudice; however, the court was not on the bench, so Bernachea left a note stating this was a different proposed order. Thereafter, the court issued the order granting judgment for "Defendant Don Morgan."

¶ 13                                    II. ANALYSIS

¶ 14    Plaintiff argues that the trial court lacked jurisdiction to enter a final judgment in favor of a defendant on the merits, where it became evident that the person served and the person present at the trial was not an actual party to the lawsuit. Plaintiff also argues that the trial court erred by not dismissing the matter without prejudice.

¶ 15    The appellant bears the burden of presenting to this court a sufficiently complete record for our review of a claim of error. *In re Marriage of Gulla*, 234 Ill. 2d 414, 422 (2009). Without a complete record, we must presume that the relevant order of the trial court has a sufficient factual basis and conformed with the law. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id*. at 392.

¶ 16    The record does not contain any transcript or bystander's report regarding the hearing in this matter. As the appellant, it was plaintiff's duty to present this court with a sufficiently complete record of the trial court proceedings to support its claims of error. See *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003); see also *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005) ("An issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding."). The affidavit of attorney Bernachea is not a substitute for a transcript or bystander's report. See Ill. S. Ct. R. 323(c) (eff. July 1, 2017). The absence of a transcript or other record of the hearing in this matter means this court must presume the order entered by the circuit court was in conformity with the law and had a sufficient factual basis. *Rogers*, 204 Ill. 2d at 319. With this presumption in mind, and in the absence of information in the record for us to make a decision, we cannot say that the trial court erred when it denied plaintiff's motion to reconsider.

¶ 17                                III. CONCLUSION

¶ 18    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 19    Affirmed.