2015 IL App (1st) 141297

FIRST DIVISION
September 14, 2015

No. 1-14-1297

| | | |
|---|---|---|
| *In re* MARRIAGE OF GEORGIA XENAKIS BRANIT, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Petitioner and Judgment Creditor-Appellant, | ) ) | No. 87 D 9224 |
| and | ) ) | |
| JEFFRY CARL BRANIT, | ) ) | Honorable Diann K. Marsalek, |
| Respondent and Judgment Debtor-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE LIU delivered the judgment of the court, with opinion.
Justice Neville and Justice Pierce concurred in the judgment and opinion.

## OPINION

¶ 1     Petitioner initiated supplementary proceedings to recover an award of contribution and attorney's fees that the court entered against respondent, her ex-husband. As part of her collection efforts, petitioner directed three citations to discover assets to the custodian and trustee of a beneficiary individual retirement account (IRA) that respondent inherited from his deceased mother, the original owner of the account. Respondent moved to discharge the citations, asserting that the funds in his beneficiary IRA are exempt from collection pursuant to section 12-1006 of the Code of Civil Procedure (Code) (735 ILCS 5/12-1006 (West 2012)). The circuit court agreed and discharged the citations. On appeal, petitioner contends that the court erred in concluding that funds in an inherited, non-spousal beneficiary IRA are exempt from collection under section 12-1006. She also contends that the money in respondent's inherited IRA is subject

to collection under section 15(d) of the Income Withholding for Support Act (Act) (750 ILCS 28/15(d) (West 2012)).  For the following reasons, we reverse and remand.

¶ 2                                BACKGROUND

¶ 3     Prior to the court's entry of the April 2014 order discharging the citations to discover assets, respondent had appealed other orders entered during the post-decree proceedings. On February 10, 2015, this court entered an order disposing of his appeal. *In re Marriage of Branit*, 2015 IL App (1st) 132143-U. The following facts, taken from that order, provide the relevant framework for the current appeal.

¶ 4                          A. The Previous Appeal

¶ 5     Petitioner, Georgia Xenakis Branit, and respondent, Jeffry Carl Branit, were married in May 1980. Their daughter, Nicole, was born almost five years later. The parties' marriage subsequently ended, and on June 23, 1987, the circuit court entered a judgment of dissolution. Incorporated in the judgment of dissolution were the terms of the marital settlement agreement (MSA), which required petitioner and respondent to contribute to their daughter's college expenses.  Nicole graduated from college in 2007.

¶ 6     In September 2008, petitioner filed a petition for contribution related to Nicole's college expenses. The parties conducted discovery and briefed several motions prior to an evidentiary hearing.  On February 27, 2013, the court ordered respondent to contribute $110,638 towards his daughter's college tuition and expenses and, additionally, to pay $100,667.73 for the attorney's fees that petitioner incurred. After respondent appealed, the court ordered him to contribute another $12,400 towards petitioner's prospective legal fees on appeal.

¶ 7     This court affirmed the circuit court's decision to award petitioner contribution under the terms of the MSA.  *Id*. ¶ 43. However, we vacated the contribution award and remanded for the

2

court to revise the parties' contribution amounts based on the stipulated amount of college expenses, and affirmed both orders directing Jeffry to pay petitioner's attorney's fees. *Id.* ¶¶ 58, 70, 74, 78.

¶ 8                                B. Supplementary Proceedings

¶ 9     On March 7, 2014, while respondent's appeal was pending, petitioner filed three citations to discover assets to Pershing, LLC, the custodian and trustee of respondent's inherited IRA.[1] One was predicated on the judgment for contribution, for which petitioner sought to collect $108,470.37. The others were predicated on the orders awarding attorney's fees, for which petitioner sought to collect $100,667.73 and $12,400, respectively.

¶ 10     On April 9, 2014, respondent moved to discharge the citations, claiming that the money in his inherited IRA was exempt from collection under section 12-1006 of the Code. As support for his motion, respondent attached Pershing's answers to the citations in which it, too, stated that the IRA account was exempt.

¶ 11     Petitioner responded that the February 2013 order for contribution could be satisfied with the money in respondent's inherited IRA under the statutory exception set forth in section 15(d) of the Act. She also claimed that respondent's inherited IRA did not qualify as an "individual retirement account" under section 408 of the Internal Revenue Code (26 U.S.C. § 408 (2006)); therefore, the funds in that account were not exempt under section 12-1006. As authority for her claim, petitioner cited the federal bankruptcy decision of *In re Clark*, 714 F.3d 559 (7th Cir. 2013), *aff'd. sub nom. Clark v. Rameker*, 573 U.S. __, 134 S. Ct. 2242 (2014).

¶ 12     Respondent argued, in reply, that the Act applies only to orders for "periodic payments" to a "minor" child. He claimed that the Act did not apply here because the contribution order required a lump sum payment to pay the college expenses of an adult child. Additionally,

---

[1]  As respondent did not file an appeal bond, petitioner began her collection efforts during the appeal.

respondent argued that the contribution order did not strictly comply with the requirements of the Act and thus could not be enforced under *Schultz v. Performance Lighting, Inc.*, 2013 IL 115738. Finally, he asserted that *Clark* was inapposite because the court in that case interpreted the term "retirement funds" in section 522 of the Bankruptcy Code (11 U.S.C. § 522 (2006)), not the term "individual retirement account" as defined in the Internal Revenue Code. Respondent also submitted the affidavit of his accountant, Ronald J. Plankis. Plankis stated that the inherited IRA was "intended in good faith to qualify as an individual retirement account under applicable provisions of the Internal Revenue Code of 1986." Furthermore, he stated that the account satisfied the definition of an "individual retirement account" under section 408 of the Internal Revenue Code.

¶ 13    On April 29, 2014, the court granted respondent's motion to discharge the citations. Referring to the citation notice that must be given to the judgment debtor and the entity being served with the citation (735 ILCS 5/2-1402 (West 2012)), the court stated that "[c]learly No. 5 says pension and retirement benefits and refunds may be claimed as exempt under Illinois law." The court found that *Clark* was not "on point with the case that we have here and the facts here and the law in Illinois."

¶ 14    Petitioner timely appealed.[2]   We have jurisdiction pursuant to Illinois Supreme Court Rule 304(b)(4) (eff. Feb. 26, 2010).

¶ 15                                    ANALYSIS

¶ 16                              A. Section 12-1006

¶ 17    On appeal, petitioner contends that the court erred in determining that respondent's inherited IRA was exempt from collection under section 12-1006 of the Code. She claims that

---

[2] By order of the circuit court, respondent was prohibited from withdrawing funds from his inherited IRA except to satisfy mandatory minimum distributions requirements under the law.

such an IRA does not meet the definition of a "retirement plan" under the statute. This issue involves a question of statutory interpretation, which we review *de novo*. *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 421 (2002). When interpreting a statute, our primary objective is to ascertain and give effect to the legislature's intent. *Citizens Opposing Pollution v. ExxonMobil Coal U.S.A.*, 2012 IL 111286, ¶ 23. The best indication of such intent is the language of the statute itself, given its plain and ordinary meaning. *Id.* We must recognize, however, that "[w]ords and phrases should not be construed in isolation, but interpreted in light of other relevant portions of the statute so that, if possible, no term is rendered superfluous or meaningless." *Land*, 202 Ill. 2d at 422.

¶ 18    Section 12-1006 of the Code, which exempts certain assets from actions to collect on a judgment, provides as follows:

> "A debtor's interest in or right, whether vested or not, to the assets
> held in or to receive pensions, annuities, benefits, distributions,
> refunds of contributions, or other payments under a retirement plan
> is exempt from judgment, attachment, execution, distress for rent,
> and seizure for the satisfaction of debts if the plan (i) is intended in
> good faith to qualify as a retirement plan under applicable
> provisions of the Internal Revenue Code of 1986, as now or
> hereafter amended, or (ii) is a public employee pension plan
> created under the Illinois Pension Code, as now or hereafter
> amended." 735 ILCS 5/12-1006(a) (West 2012).

¶ 19    Section 12-1006 provides that in order to be exempt from collection, the retirement plan in which the debtor's interest lies must be "intended in good faith to qualify as a retirement plan

under applicable provisions of the Internal Revenue Code of 1986." *Id*. Petitioner maintains that respondent's inherited IRA constitutes a "retirement account" in name only and does not qualify as a "retirement plan" contemplated under section 12-1006. We note, however, that a retirement plan can include, by definition, "an individual retirement annuity or individual retirement account." 735 ILCS 5/12-1006(b)(3) (West 2012). Petitioner also argues that respondent's inherited IRA is not exempt from collection proceedings under section 12-1006 because it is not "intended in good faith to qualify as a retirement plan" under the Internal Revenue Code. The question, though, lies in what it means for an IRA to be "intended in good faith to qualify" as such a plan.  The reference in the language to "applicable provisions of the Internal Revenue Code of 1986" does not specify a source, *i.e.*, a particular provision or section, which aids in our construction of the statute. More importantly, section 12-1006 is silent as to the difference between a traditional IRA and an "inherited" non-spousal IRA, the latter of which is treated differently under the Internal Revenue Code. "A statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more different ways." *Krohe v. City of Bloomington*, 204 Ill. 2d 392, 395-96 (2003). We find that an ambiguity exists so as to require external aids for proper construction of the statute.

¶ 20                                   B. *Clark v. Rameker*

¶ 21    Petitioner argues that *Clark v. Rameker*, 573 U.S.__, 134 S. Ct. 2242 (2014) is controlling precedent on the issue of whether an inherited IRA should be exempt under section 12-1006. The question that the Supreme Court addressed in *Clark* was whether funds in an inherited IRA qualified as "retirement funds" under section 522 of the Bankruptcy Code (11 U.S.C. § 522(b)(3)(C)(2006)). *Clark*, 573 U.S. at __, 134 S. Ct. at 2244. Section 522 authorizes an individual debtor to exempt from the bankruptcy estate " 'retirement funds to the extent those

funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code.' " *Id.* at ___, 134 S. Ct. at 2244 (quoting 11 U.S.C. §§ 522(b)(3)(C), (d)(12)(2012)). The term "retirement funds" is not defined by the Bankruptcy Code, and a split developed in the federal appellate courts as to whether funds in an inherited IRA qualify for the section 522 exemption. *Id.* at ___, 134 S. Ct. at 2246.

¶ 22    The Supreme Court ultimately held that money in an inherited IRA does not qualify as "retirement funds" for purposes of the federal bankruptcy exemption. *Id.* at ___, 134 S. Ct. at 2244.  Characterizing an inherited IRA as "a traditional or Roth IRA that has been inherited after its *owner's* death," the Court observed that "[u]nlike with a traditional or Roth IRA, an *individual* may withdraw funds from an inherited IRA at any time, without paying a tax penalty." (Emphases added.) *Id.* at ___, 134 S. Ct. at 2245.  It becomes clear from the Court's analysis in *Clark* that because the beneficiary of an inherited IRA was not the "owner" who made fund contributions in furtherance of the original owner's retirement. In addition, the Court pointed out that:

> "[T]he owner of an inherited IRA not only may but *must* withdraw
> its funds: The owner must either withdraw the entire balance in the
> account within five years of the original owner's death or take
> minimum distributions on an annual basis. [Citations.] And unlike
> with a traditional or Roth IRA, the owner of an inherited IRA may
> never make contributions to the account. [Citation.]"  (Emphasis in
> original.) *Id.* at ___, 134 S. Ct. at 2245.

¶ 23    The *Clark* Court also construed the meaning of "retirement funds" to be "sums of money set aside for the day an individual stops working." *Id.* at ___, 134 S. Ct. at 2246.  It noted, in

contrast, that funds in an inherited IRA are distinguishable from traditional retirement funds because such funds "are not objectively set aside for the purpose of retirement." *Id*. at ___, 134 S. Ct. at 2247. The Court identified three characteristics of an inherited IRA which distinguish the funds in that account from funds that are "objectively set aside for the purpose of retirement." Specifically, unlike the original owner who originated and contributed funds to the account, the beneficiary or holder of an inherited IRA: (1) may never invest additional money in the account; (2) is required to withdraw money from the account no matter how far away he or she is from retirement; and (3) may elect to withdraw the entire balance of the account whenever he or she wants without penalty. *Id.* at ___, 134 S. Ct. at 2247. The Supreme Court noted that its holding— that money in an inherited IRA did not qualify as "retirement funds"—comported with the purpose of the Bankruptcy Code's exemption provisions. *Id.* at ___, 134 S. Ct. at 2247. Whereas "exemptions serve the important purpose of 'protect[ing] the debtor's essential needs,' " such as providing for retirement, "nothing about the inherited IRA's legal characteristics would prevent (or even discourage) the individual from using the entire balance of the account on a vacation home or sports car immediately after her bankruptcy proceedings are complete." *Id.* at ___, 134 S. Ct. at 2247-48 (quoting *United States v. Security Industrial Bank*, 459 U.S. 70, 83 (1982) (Blackmun, J., concurring, joined by Brennan and Marshall, JJ.)).

¶ 24    In urging this court to apply the rationale in *Clark* to this appeal, petitioner argues that "[n]o meaningful difference exists between the §522 term 'retirement funds' and the §12-1006 term 'retirement plan' " given that "[t]he operative word for both exemptions is '*retirement*.' " (Emphasis in original.)  Further, she argues that under *Clark*, an inherited IRA cannot be "intended in good faith to qualify as a retirement plan" just as it cannot qualify as "retirement funds" under section 522 of the Bankruptcy Code. Petitioner contends that this is the logical

reading of *Clark* because "[t]here is no functional difference between the bankruptcy exemptions and the Illinois exemptions for retirement assets."

¶ 25   We agree that *Clark* is controlling. The very purpose of the exemptions under the federal Bankruptcy Code, which is "to provide a debtor 'with the basic necessities of life' so that she 'will not be left destitute and a public charge,' " is also served by the analogous Illinois exemptions under section 12-1006. *Id*. at ___, 134 S. Ct. at 2247 n. 3 (quoting H.R. Rep. No. 95-595, at 126 (1977)). The Illinois legislature expressly provided, in section 12-1006, that the retirement plan exemption "applies to interests in retirement plans held by debtors subject to *bankruptcy \*\*\** proceedings pending on or filed after August 30, 1989." (Emphasis added.)  735 ILCS 5/12-1006(d) (West 2012). The fact that the Illinois legislature intended section 12-1006 to be used in bankruptcy cases indicates that it was meant to be the Illinois equivalent of section 522 of the Bankruptcy Code. See *In re Dzielak*, 435 B.R. 538, 546 (Bankr. N.D. Ill. 2010) (noting that "Illinois has chosen to 'opt out' of the federal exemption scheme" and that the debtor in that case was required to "utilize the exemptions provided by Illinois law"). We thus hew to the established meaning of section 522 of the Bankruptcy Code in interpreting whether the term "retirement plan" under section 12-1006 of the Code includes inherited IRAs. We are mindful that the term should not be read in a manner that is inconsistent with the plain language of the statute.

¶ 26   We believe that, in *Clark*, the Supreme Court persuasively distinguished inherited IRAs from other IRAs that are set up for the purpose of funding one's retirement, or the retirement of one's spouse. In that case, the Supreme Court noted, and we agree, that funds in an inherited IRA "are not objectively set aside for the purpose of retirement." *Clark*, 573 U.S. at __, 134 S. Ct. at 2247. As the Supreme Court noted, the beneficiary of an inherited IRA (1) may never invest

additional money in the account; (2) must withdraw money from the account despite how close he or she is from retirement; and (3) may withdraw the entire balance of the account whenever he or she wants without penalty. *Id.* at ___, 134 S. Ct. at 2247. Simply put, an IRA has literally *nothing* to do with retirement once it achieves the status of an inherited IRA; it is merely a discretionary fund, no different from a checking account. We find no indication that the legislature, in exempting *retirement* plans, intended to exempt a non-spouse's interest in an inherited IRA account, which objectively serves no retirement purpose.

¶ 27                     C. Section 408 of the Internal Revenue Code

¶ 28    We also find that respondent's inherited IRA was not "intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986." The federal statute expressly distinguishes an "individual retirement account" from an "[i]nherited individual retirement account." Section 408 of the Internal Revenue Code, which governs IRAs, specifically distinguishes an inherited IRA from other IRAs. It states:

"An individual retirement account or individual retirement annuity shall be treated as inherited if—

(I) the individual for whose benefit the account or annuity is maintained acquired such account by reason of the death of another individual, and

(II) such individual was not the surviving spouse of such other individual." 26 U.S.C. § 408(d)(3)(C)(ii) (2012).

Significantly, section 408 denies rollover treatment to an inherited IRA, stating that an "inherited account or annuity *shall not be treated as an individual retirement account* or annuity for purposes of determining whether any other amount is a rollover contribution." (Emphasis added.)

26 U.S.C. § 408(d)(3)(C)(i)(II) (2012). As a result, beneficiaries of inherited IRAs, unlike other IRA owners and beneficiaries, are precluded from obtaining favorable tax treatment for rollover contributions. (Compare 26 U.S.C. § 408(d)(3)(A), and § 408(d)(3)(C) ( 2012).) In other words, if the beneficiary takes a distribution from an inherited IRA, that distribution will be treated as gross income for the beneficiary even if it is transferred immediately into another retirement account or annuity; the beneficiary does not receive the benefit of favorable tax treatment allowed for regular IRA rollovers. Furthermore, unlike owners and beneficiaries of traditional or Roth IRAs, the beneficiary of an inherited IRA is required to make certain withdrawals from the account. Beginning in the year after the decedent's death, a beneficiary of an inherited IRA must either withdraw all of the funds in the account within five years of the date of death, or, alternatively, take required minimum distributions each year. 26 U.S.C. § 408(a)(6)(2012).

¶ 29    We find that it would be inconsistent to conclude that Jeffry's inherited IRA was intended in good faith to be an IRA under the applicable provisions of the Internal Revenue Code when, under those provisions, it is not even treated as an IRA for certain tax purposes. Because certain significant attributes of an IRA cease to be in effect when the original owner of the IRA dies, the character of the account necessarily changes from a retirement plan (for the original owner) to a discretionary fund (for the beneficiary who inherits it). We do not believe that the Illinois legislature intended to keep non-retirement funds out of the reach of creditors. Accordingly, we believe that respondent's inherited IRA is not exempt under section 12-1006 of the Code.

¶ 30    We acknowledge, as respondent points out, that "personal property exemption statutes are to be construed liberally to protect debtors." *Auto Owners Insurance v. Berkshire*, 225 Ill. App. 3d 695, 699 (1992). However, this does not mean that we must interpret section 12-1006 in such a way as to defeat the intent of the legislature. As we have noted, the purpose of section 12-1006

is to exempt *retirement* plans from actions to collect on a judgment; an inherited IRA is simply not such a plan given that it objectively contains no money intended for retirement. We find no indication that the Illinois legislature intended to allow a judgment debtor to exempt assets that could be spent freely and frivolously at the debtor's whim. The statute is aimed at protecting retirement assets as opposed to funds that could, conceivably, be used to supplement the lifestyle of a non-retiree debtor.

¶ 31                                   C. Section 15(d) of the Act

¶ 32     Lastly, petitioner contends that even if respondent's IRA account is exempt under section 12-1006 of the Code, she may still seek to enforce the contribution award against the account under section 15(d) of the Act. She maintains that section 15(d) of the Act operates as an exception to section 12-1006 of the Code, and that petitioner has made no effort to enforce the contribution award under the Act. Petitioner argues that section 15(d) "is in no way dependent upon the support recipient following any particular procedures."

¶ 33     Because we have concluded that an inherited IRA is not subject to the exemption from collection proceedings under section 12-1006, we could arguably end our inquiry at this point. However, a ruling on the issue of whether petitioner is entitled to relief under section 15(d) is necessary for two reasons. First, it serves the purpose of establishing a complete record in the event either party seeks to appeal this decision. Second, given the continuous nature of the post-decree proceedings between petitioner and respondent, the parties are likely to raise this issue again if we do not address it now.

¶ 34     The interpretation of a statute is a question of law, which we review *de novo*. *Land*, 202 Ill. 2d at 421.  Section 15 of the Act defines the term " '[i]ncome' " as follows:

" 'Income' means any form of periodic payment to an individual, regardless of source, including, but not limited to: wages, salary, commission, compensation as an independent contractor, workers' compensation, disability, annuity, pension, and retirement benefits, lottery prize awards, insurance proceeds, vacation pay, bonuses, profit-sharing payments, severance pay, interest, and any other payments made by any person, private entity, federal or state government, any unit of local government, school district or any entity created by Public Act ***[.]" 750 ILCS 28/15(d) (West 2012).

Furthermore, under this withholding statute, "[a]ny other State or local laws which limit or exempt income or the amount or percentage of income that can be withheld shall not apply." *Id.*

¶ 35    The Act requires all orders of support entered on or after July 1, 1997 to contain "an income withholding notice to be prepared and served immediately upon any payor of the obligor by the obligee or public office." 750 ILCS 28/20(a)(1) (West 2012).  An exception lies only if "a written agreement is reached between and signed by both parties providing for an alternative arrangement" and the agreement is approved by the circuit court. *Id.* Thereafter, an income withholding notice is served on the obligor's payor(s) only if the obligor is delinquent in paying the order for support. *Id*.

¶ 36    The obligee of an order of support who seeks withholding from a payor of the obligor must first serve an income withholding notice on the obligor and the payor(s). *Schultz*, 2013 IL 115738, ¶ 14; see 750 ILCS 28/20(c), (g) (West 2012). Furthermore, certain information must be included and set forth in the income withholding notice. 750 ILCS 28/20(c) (West 2012). Failure

to comply with any of these requirements, other than the signature requirement, renders an income withholding notice invalid. *Schultz*, 2013 IL 115738, ¶¶ 17-18.

¶ 37    Petitioner has not complied with the procedures that must be followed before seeking to withhold money from respondent's IRA account under the Act. She provides no reason or excuse for the lack of compliance and does not explain why we should overlook this procedural deficiency. Because she has not served the trustee or custodian of the IRA account with the proper notice under section 20(a)(1), she is not entitled to relief under the Act.

¶ 38                                    CONCLUSION

¶ 39    We find that the funds in respondent's inherited IRA are not exempt from collection under section 12-1006 of the Code. We also find that petitioner did not comply with the notice requirements of section 15(d) of the Income Withholding for Support Act.  Accordingly, we reverse the order of the circuit court of Cook County discharging Georgia's citations to discover assets and remand the cause for further proceedings not inconsistent with this opinion.

¶ 40    Reversed and remanded.